JOHN A. MILLARD, Jr., Respondent, v. THE MISSOURI, KAN-
SAS & TEXAS RAILROAD COMPANY, Appellant.

Plaintiff purchased a passenger ticket on defendant's road, which entitled
him to carry a certain amount of baggage. He had a packing-box or
trunk containing merchandise. Upon applying for a check, he advised
defendant's agent of this fact, who thereupon refused to check the trunk
unless extra compensation was paid for its transportation; plaintiff paid the
sum charged; the trunk was destroyed by fire. In a prior action brought to
recover for the loss of baggage, the court ruled that plaintiff could not
recover for the merchandise as it was not baggage, and a recovery was
had for the baggage. In an action brought to recover for the merchan-
dise, *held*, that the former action was not a bar, as the two actions were
not for parts of one entire indivisible demand, but were based upon sepa-
rate contracts.

(Argued October 7, 1881; decided October 25, 1881.)

APPEAL from judgment of the General Term of the Su-
preme Court, in the second judicial department, entered upon
an order made February 10, 1880, which affirmed a judgment
in favor of plaintiff, entered upon a verdict. (Reported below,
20 Hun, 191.)

This action was brought to recover for the loss of certain
merchandise, while being transported on defendant's road.

The facts proved were substantially these:

On the 30th of April, 1873, the plaintiff and one William
Brady purchased tickets and took passage on defendant's road
at St. Louis, Mo., for Dennison, Texas. Plaintiff had with him
a valise, containing his wearing apparel and articles known as
baggage, and a packing-box, or trunk, containing merchan-
dise. Brady had with him one trunk, containing his personal
baggage, and two packing-boxes, or trunks, containing mer-
chandise. The tickets entitled the plaintiff and Mr. Brady to
carry a certain amount of baggage without extra compensation.
The defendant's agent at St. Louis, on being advised of their
contents, refused to put the packing-boxes aboard the train, and
insisted that they should be sent as freight. The plaintiff ex-
plained to him the nature of their contents, and that it was im-

portant that they should go on the train with them ; and thereupon the agent weighed them together with the baggage, and charged $8 or $10 for carrying the packing-boxes, which plaintiff and Mr. Brady paid, and they were then put aboard the train with the baggage ; all were destroyed by fire on the following day, while in defendant's possession, and during the journey.   Mr. Brady assigned his claims against the defendant to the plaintiff, and in 1873 the latter brought an action to recover the value of the baggage so lost; he recovered judgment in said action, which was paid.   A bill of particulars was served in that action which contained the items of merchandise contained in the packing-boxes as well as the baggage ; the court, however, ruled upon the trial that nothing but the personal baggage could be recovered for in that action, as the complaint did not allege the contract to convey the merchandise, and that the goods now in suit did not come within the term " baggage," and accordingly excluded proof in regard to the same ; and plaintiff withdrew all claims for such merchandise.

*Thomas W. Osborn* for appellant.   The contract between plaintiff and defendant being entire, and plaintiff having had one recovery and satisfaction therefor, has exhausted his remedy ; the former judgment is a complete bar to this action. (*Baird* v. *U. S.*, 96 U. S. [6 Otto] 430, 432 ; *O'Beirne* v. *Lloyd*, 43 N. Y. 248 ; *Hopf* v. *Myers*, 42 Barb. 270 ; *Secor* v. *Sturges*, 16 N. Y. 548 ; *Bendernagle* v. *Cocks*, 19 Wend. 207 ; *Fish* v. *Folley*, 6 Hill, 54 ; *Miller* v. *Covert*, 1 Wend. 487 ; *Farrington* v. *Payne*, 15 Johns. 432 ; *Jex* v. *Jacob*, 19 Hun, 105.)   The judgment of a court of competent jurisdiction is final not only as to the subject-matter thereby actually determined, but as to every other matter which the parties might litigate in the cause, and which they might have had decided.   (*Embury* v. *Conner*, 3 Comst. 322 ; *Hoff* v. *Myers*, 42 Barb. 270 ; *Dunham* v. *Bower*, Ct. of App. 77 N. Y. 79.)

*Freling H. Smith* for respondent.   The plaintiff has two causes of action against the defendant.   (*Solomon* v. *The Gt.*

*W. R. R. Co.*, 67 N. Y. 208; *Stoneman* v. *Erie R. Co.*, 52 id. 429.) A former judgment is a bar not to all claims that might have been litigated therein, but only to such claims or matters as might have been litigated under the pleadings and issues as made. (*Burdick* v. *Post*, 12 Barb. 168; *Bates* v. *Stanton*, 1 Duer, 79.) The judgment must be upon the very point in issue. Both actions must be in substance and in point of fact identical. (*Slauson* v. *Inglehart*, 34 Barb. 193.) The record must show that the same matters might have been litigated and the proof must show that they were litigated. (*Davis* v. *Talcott*, 14 Barb. 611, 620; *Campbell* v. *Butts*, 3 Comst. 173.) The same cause of action is where the same evidence will support both actions. (*Snider* v. *Croyl*, 2 Johns. 227; *Rice* v. *King*, 7 id. 20; *Johnson* v. *Smith*, 8 id. 383; *Miller* v. *Manice*, 6 Hill, 114; *Lawrence* v. *Hunt*, 10 Wend. 80.)

EARL, J. The claim is made on the part of the appellant, that the rule, that where a party brings an action for a part only of an entire, indivisible demand, and recovers judgment, he cannot subsequently maintain an action for another part of the same demand, was violated in the judgment rendered in this action.

The facts, as the trial judge found them, or may be presumed in support of the judgment to have found them, are as follows: There were two contracts made with each, the plaintiff and his assignor, one with each to carry him and his baggage, and the other subsequently made to carry the chattels contained in his trunk.

It was decided in the prior action that that was based solely upon the contract to carry the passengers and their baggage. The recovery was there limited to such baggage, and it was held that the contracts alleged did not cover the chattels involved in this action.

This action is based upon separate contracts to carry the chattels which were not properly baggage, and which were contained in the trunks. It was manifestly in reference to such

chattels that the extra compensation was demanded by the defendant and separate contracts thus made.

The former recovery does not, therefore, bar this action. A single demand was not divided in violation of the rule above referred to. (*Stoneman* v. *Erie Railway Co.*, 52 N. Y. 429; *Sloman* v. *The Great Western Railway Co.*, 67 id. 208.) And this result follows although the plaintiff in the former action recovered for the trunks in which the chattels here in question were packed, because such recovery was had, perhaps erroneously, under the contracts there alleged, and not under the contracts alleged in this action.

The judgment should be affirmed, with costs.

All concur.

Judgment affirmed.