No. 13,544.

STAUB v. KENDRICK.

COMMON CARRIER.—*Loss of Baggage.*—*Salesman's Catalogue.*—*Agent's Negligence.*—*Liability of Principal.*—Where a valise given in charge of the agent of one engaged in transferring baggage to be conveyed from one depot to another is lost through the agent's negligence, the carrier is liable for the value of the contents of the valise, including a travelling salesman's catalogue, a book carried with him for his personal use and convenience, used by him in his business and necessary to be carried in the discharge of his duties.

From the Vigo Circuit Court.

*L. D. Leveque, T. A. Foley* and *T. W. Harper,* for appellant.

*H. J. Huston* and *H. Dunham,* for appellee.

OLDS, J.—This is an action by the appellee against the appellant for the value of a valise and contents, and damages resulting from the loss of the same. The appellant was engaged in the transportation of trunks and baggage in the city of Terre Haute to and from the various hotels and railway stations, and in conducting such business he had men and teams employed. The appellee is a travelling salesman for the firm of Howell, Gano & Co., wholesale hardware dealers, at Cincinnati, Ohio. The appellant arrived at the union depot, in the city of Terre Haute, on the train due there at 5.30 P. M., on the afternoon of September 26th, 1883; immediately on his arrival he engaged one of the employees of the appellant to convey his two trunks and a valise to the Indianapolis and St. Louis depot, in said city, and paid him the price asked for transporting the same, and the baggage-man, the employee of the appellant, took possession of the trunks and valise and delivered to the appellee three checks for the trunks and valise. The appellee took supper at the union depot, and walked to the Indianapolis and St. Louis

depot to take a train leaving at 6:50 P. M. same day for Paris, Illinois. On his arrival at the Indianapolis and St. Louis depot he was informed by the person to whom he had delivered the goods that he could not find the valise. The valise was lost, and this suit is brought for the value of it and of its contents.

The plaintiff not only seeks to recover for the value of the valise and its contents, but also for his loss of time and expense. There was a trial had, resulting 'in a finding and judgment for the appellee for $85.10. The court made a special finding of facts, and stated its conclusions of law thereon.

The appellant excepted to the conclusions of law; also moved for a new trial, which was overruled, and to which rulings exceptions were reserved by the appellant and error assigned both as to the conclusions of law stated and the ruling on the motion for a new trial.

The facts found by the court, in brief, are as follows : That, on the afternoon of the 26th day of September, 1883, at 5 : 30 o'clock P. M., the plaintiff arrived at the union depot in the city of Terre Haute from the town of Clinton, and immediately after arriving he contracted with one Rogers, then in the employ of the defendant, and engaged in driving a baggage-wagon for the defendant, to transfer from the union depot to the Indianapolis and St. Louis depot two travelling salesman's trunks and one valise, for the transfer of which plaintiff paid Rogers 50 cents, and Rogers gave the plaintiff three checks, one for each trunk and one for the valise, the check for the valise bearing the inscription, " Buss Check 10, I. & St. L. Depot; " that Rogers took the two trunks and valise from the union depot to the Terre Haute House,where he unloaded the trunks on the sidewalk and put the valise on the top of the trunks, and went away and left the trunks and valise with no person in charge of them until he returned to take them to the Indianapolis and St. Louis depot just before the time for the arrival of the 6:50 P. M. train ; that plaintiff, after

eating his supper at the union depot, walked to the Indianapolis and St. Louis depot to take the 6:50 P. M. train west; arriving at the Indianapolis and St. Louis depot a few moments before train time, he presented his three checks to Rogers for the trunks and valise, and was informed by Rogers that he could not find the valise; plaintiff was going to Paris, Ill., and was told by defendant to go on that train and he would send the valise to him; plaintiff went to Paris, Ill., as directed, and on the following morning received word by telephone that the valise was lost, and asking him to return to Terre Haute; that plaintiff came to Terre Haute as requested, paying his railroad fare, amounting to sixty cents, and remained at Terre Haute three days endeavoring to recover his valise, stopping at the National House, paying $2.50 per day; that the valise was lost without any fault of plaintiff, and through and by the negligence of defendant's agent; that the valise contained property consisting of necessary wearing apparel, brushes, and necessary articles for use in travel, to the amount of $21.50; also a travelling salesman's illustrated catalogue of the value of $50; that plaintiff was in the employ of Messrs. Howell, Gano & Co., hardware merchants of Cincinnati, Ohio, as a travelling salesman; that said catalogue was prepared by himself, at his own expense, and was his individual property, and that it was necessary for his convenience and use as such travelling salesman; that the defendant had caused notices to be posted up in his stable and in the waiting-rooms of the depots that he would not convey valises and be responsible for the same, and had instructed his agents not to receive valises, but plaintiff had no knowledge of such instructions or notices.

On the foregoing facts there is stated what purports to be conclusions of law, mingled with which are additional findings of fact, finally terminating with the conclusion that plaintiff should recover the sum of $85.10, and judgment is rendered for that amount.

The motion for a new trial is on the grounds that "the

finding of the court is contrary to the evidence, and not supported thereby."

The findings of fact do not support the conclusion of law that the plaintiff is entitled to recover the amount stated.

The defendant is liable under the facts found for the value of the contents of the valise, and the evidence supports the finding even if the grounds stated in the motion are such as can be construed to question the sufficiency of the evidence to support the finding, which it may be said is doubtful. There is no finding as to the value of the valise, and the value of the goods found amount in the total to the sum of $71.50.

It is contended that the defendant is not liable for the value of the catalogue, but we think differently. It is a book used by him in the business in which he was engaged, he carried it with him for his personal use and convenience, and it is found to be a necessary article for him to carry to properly discharge the duties of the business in which he was engaged and the object for which he was travelling. The case of *Gleason* v. *Goodrich Transportation Co.,* 32 Wis. 85 (14 Am. Rep. 716), is a case directly in point, and it was held that the transfer company was liable for the value of a book of this same character. In that case the court, after quoting and citing other authorities, say: "It must on the whole be held, we think, that the book in question was an article of personal baggage within the definition above given and the decisions upon the subject. It was a thing of personal use and convenience to the plaintiff according to the wants of the particular class of travellers to which he belonged, and was taken with him as well with reference to the immediate necessities of his journey as to the ultimate purposes of it. It was not an article of merchandise or the like, or anything designed for use ulterior the purposes of his journey, but a book of memoranda convenient and necessary for him personally in accomplishing the object of his travel. It was personal baggage, within the definition and

Staub *v.* Kendrick.

rule of law upon that subject." See, also, *Doyle* v. *Kiser*, 6 Ind. 242 ; *Hannibal, etc., R. R. Co.* v. *Swift*, 12 Wall. 262. No doubt the court reached the conclusion that the plaintiff was entitled to recover the amount stated on the theory that the plaintiff was entitled to recover for all the incidental damages arising from the loss, such as railroad fare, time and hotel expenses. This we do not deem it necessary to pass upon, as no such facts are found as would entitle the plaintiff to recover any definite sum therefor. There is no finding as to the value of plaintiff's time, nor as to the time necessarily occupied in looking after the valise, nor as to his necessary expenses while so engaged. Clearly under the findings of fact the plaintiff was only entitled to recover $71.50, and the court erred in its conclusion of law that the plaintiff was entitled to recover $85.10, and the conclusions of law should have been that the plaintiff is entitled to recover $71.50.

In case the appellee remits the amount of the judgment in excess of $71.50 within twenty days from this date the judgment will be affirmed at his costs, otherwise the judgment will be reversed at his costs, with instructions to the court below to restate its conclusions of law and render judgment in favor of appellee in accordance with this opinion.

Filed Dec. 12, 1889.