JAMES TALCOTT, Plaintiff, *v.* THE WABASH RAILROAD Co., Defendant.

(Supreme Court, New York Trial Term, December, 1902.)

Carrier — Passenger's independent contract for the carriage of goods not his own — Measure of damages.

A passenger may, by a contract independent of that for the transportation of himself and his baggage, bind a railroad carrier to his employer, as undisclosed principal, for the transportation with himself of samples of the latter's goods.

Such a contract may exist where the passenger pays, and the carrier's checking agent accepts, the proper excess baggage rates on trunks containing, among other things, the employer's goods and the agent checks the trunks and gives a voucher for the excess payment.

Damages cannot be awarded unless there is an accurate basis for them.

ACTION to recover the value of certain property destroyed while in transit.

Bunnell & Bunnell (Charles E. Hughes, of counsel), for plaintiff.

George F. Brownell (George F. Brownell and C. V. Nellany, of counsel), for defendant.

FITZGERALD, J.  It is unnecessary to make any detailed statement of the facts as disclosed by the testimony submitted herein for the reason that they are fully set forth in the opinion of the learned court above.  Talcott v. Wabash R. R. Co., 159 N. Y. 461. But one question, outside of the subject of damages, remains to be determined:  What in fact was the contract entered into by plaintiff's agent with defendant for the transportation of the excess weight of the material carried in trunks for which extra charges were made and paid?  Plaintiff's agent purchased from defendant for his own use a passage ticket which entitled him to carry a limited amount of baggage free; baggage in excess of this limit

might be carried upon payment of an extra charge. The passenger in this case was a commercial traveler in plaintiff's employ, and it appears to be customary with railway companies to carry in the ordinary baggage cars accompanying passenger trains, trunks containing samples of the various lines of stock, the sale of which the commercial agent is engaged in, and it has been held that he may, by an independent contract, bind the railway company to his employer for the transportation of such property entirely independent of the ordinary agreement which usually arises from the purchase of a passage ticket for the carrying of the passenger's personal effects. Millard v. Missouri, Kansas & Texas R. R. Co., 86 N. Y. 441. The law is well settled that a railway company which sells a passage ticket giving the right of travel from one place to another, but which ticket clearly indicates by coupon or otherwise that the journey to be made extends beyond its own terminus, and is to be continued over connecting lines, acts, in so far as the sale of the ticket is concerned, merely as the agent of the connecting line, and is not responsible for baggage further than to transfer it safely to the custody and care of its principal. Milnor v. N. Y. & N. H. R. R. Co., 53 N. Y. 363; Kessler v. N. Y. C. & H. R. R. R. Co., 61 N. Y. 538. The passenger in this instance had with him four trunks, and in these trunks property was contained belonging to various parties; part of said property belonged to plaintiff, part to the New Britain Knitting Company, part to the American Hosiery Company, and the remainder consisted of personal effects. All of the trunks were safely delivered by defendant company at the terminus of its line at Detroit to the Grand · Trunk Railway, and while in transit over this latter line a fire occurred by which three of the four trunks were destroyed. A voluntary nonsuit was submitted to upon the trial on the causes of action setting forth the loss of the property belonging to the New Britain Knitting Company and the American Hosiery Company, and it is *res adjudicata* in this case that defendant was not liable for the loss of the passenger's personal effects. Talcott v. Wabash R. R. Co., *supra.* Is it liable for the loss of plaintiff's property? The answer to this question depends on the terms of the second contract. What was the consideration paid and what was it, as understood and agreed between the parties, that was to be done? Assuming that the payment of sixteen dollars constituted the consideration for which all of the excess weight was carried,

the property so paid for belonged to different owners, it was charged for in bulk, the trunks were not separately weighed. One was subsequently returned, but there is no evidence of its weight. One of those lost belonged to the knitting and the hosiery companies, and its weight is equally unascertainable. For aught shown to the contrary the entire extra charge may have been paid for the goods contained in these two trunks, but to add to this confusion it appears from the record that the passenger's personal effects weighed only fifty pounds, and that testimony conclusively establishes the fact that he was permitted to carry one hundred pounds of some of these various other owners' property free upon his ticket. Upon no possible theory could defendant be held liable for the loss of goods to the extent of this one hundred pounds. I have eliminated the purchase, possession and presentation of the ticket by the passenger at the time of the shipment of the trunks as constituting any part of the consideration for which excess weight was carried, but must not the terms and conditions of that ticket be considered at least as evidence tending to establish what was in his mind when the second agreement was made? Did he not desire to take all the trunks upon the train on which he was personally traveling? Were not the limitations as to the risks assumed annexed to his coupon ticket present before him when making the second contract? Do not the marks upon the pasteboard check and brass checks given him by the baggage agent show that the trunks were to go beyond the terminus of defendant's line and upon the lines of other railway companies, and would it not be unreasonable to hold in view of all these facts that two distinct and different propositions were mutually simultaneously present in the minds of the contracting parties, one a contract upon the ticket limited as to defendant's liability by its terminus at Detroit and the other a contract binding the defendant for the excess covering the entire journey from Chicago to New York? No matter how these matters may be viewed it would be utterly impossible for the reasons previously shown to arrive at any accurate measure of damages, and plaintiff's complaint must be dismissed.

Complaint dismissed.