·LELIA A. MORGAN, Respondent, *v.* WILLIAM H. WOOL-
VERTON, as President of the NEW YORK TRANSFER
COMPANY, Appellant.

Baggage — meaning of term " baggage " as used in section 38 of
Public Service Commissions Law — liability of express company
for baggage lost in transit not limited by provisions of that
section.

The term " baggage," used in section 38 of the Public Service
Commissions Law (Consol. Laws, ch. 48), does not include property
which is being moved by express or otherwise apart from and
disconnected with the transportation of the owner; hence, a com-
pany, which enters into a contract with a passenger on a .railroad
train to deliver a trunk at his home or other designated point,
cannot avail itself of the limitation in that section upon the amount
of the recovery against a common carrier, where the value of the
baggage is not stated.

*Morgan* v. *Woolverton*, 136 App. Div. 351, affirmed.

(Argued June 13, 1911; decided October 3, 1911.)

APPEAL from a judgment of the Appellate Division of the
Supreme Court in the second judicial department, entered
January 14, 1910, affirming a judgment in favor of
plaintiff entered upon a verdict directed by the court.

The nature of the action and the facts, so far as
material, are stated in the opinion.

*Morgan J. O'Brien, Robert L. Redfield* and *John L.
Hill* for appellant. The provision of the Public Service
Commissions Law, taken as an entirety, clearly shows the
legislative intention to be that the entire section 38 should
apply to " every common carrier." (L. 1907, ch. 429.)

*Herman Aaron* and *John Hill Morgan* for respondent.
Section 38 of the Public Service Commissions Law does
not apply. (L. 1907, ch. 429.)

·HISCOCK, J. The respondent was a passenger on a
train coming into New York city. The appellant was

engaged in the business of taking up from the railroad company the baggage of a passenger and delivering it at his home or other designated point in the city of New York. While the train was still in the state of New Jersey appellant's agent received from respondent her railroad check for a trunk to be delivered in New York city and gave her a receipt or check therefor which contained a clause limiting its liability to $100. The trunk was received from the railroad company but somehow was lost or miscarried, and subsequently a judgment was recovered for the full value thereof, which exceeded $1,200.

Originally appellant seems to have relied mainly on the clause in its receipt limiting its liability. Without summarizing the evidence on this point, however, it is clear that it was a question of fact whether the acceptance by respondent of appellant's check or receipt took place under such circumstances as to bind her by this limitation, and appellant's trial counsel by his course at the close of the trial permitted this question to be disposed of by the court rather than by the jury, and is now concluded by the adverse disposition thereof. In fact, to some extent on the trial and still more on this appeal the appellant has ceased to rely on its original defense, as above stated, and has come to rest its claim of limitation of liability on the provisions of the Public Service Commissions Law.

Section 38 of that law reads as follows:

" Liability for damage to property in transit.   *   *   * Every common carrier and railroad corporation shall be liable for loss, damage and injury to property carried as baggage up to the full value and regardless of the character thereof, but the value in excess of one hundred and fifty dollars shall be stated upon delivery to the carrier, and a written receipt stating the value shall be issued by the carrier, who may make a reasonable charge for the assumption of such liability in excess of one hundred

and fifty dollars and for the carriage of baggage exceeding one hundred and fifty pounds in weight upon a single ticket."

The appellant urges that under its contract with respondent for the delivery of her trunk it was a carrier of "baggage" within the meaning of said section; that inasmuch as the first clause enlarges the responsibility of a carrier of baggage, the second clause providing that "the value in excess of one hundred and fifty dollars shall be stated upon delivery to the carrier," is in the nature of a condition precedent to be performed by the passenger before he can get the benefit of the enlarged liability prescribed by the first clause, and that, therefore, the burden rests upon him to disclose the value of his baggage in excess of the sum stated rather than upon the carrier to ascertain such value by inquiry; that inasmuch as the respondent did not disclose the value of her trunk in excess of $150 she cannot recover for such value beyond said sum. Of course the appellant, in order to secure the reversal of the judgment appealed from, must maintain both claims in regard to this section — that it applies to this case, and that the interpretation outlined is correct. Without discussing the last one I do not think that it can succeed on the first one.

Assuming for the purposes of this appeal that respondent's contract to deliver appellant's trunk, although entered into in the state of New Jersey, is to be governed by the laws of New York state because there to be performed, I do not believe that it was covered or controlled by the section which is relied on. That section relates to property "carried as baggage." Its language as a whole has a well-established meaning. Baggage has been defined in the dictionary as "trunks * * * etc., which a traveler carries with him on a journey," and a great volume of decisions and text law has fixed the status of baggage or articles "carried as baggage" as that of property which is transported under or as an

incident to the contract of transportation of the owner as a passenger. Under the principles which have been thus abundantly established we do not define as "baggage" in a proper sense property which is being moved by express or otherwise apart from and disconnected with the transportation of the person who owns the same, even though it be a trunk. The origin and purpose of the section in question almost conclusively indicates that its application is to property carried in connection with the owner. The earlier rule of liability had been built up that the carrier generally speaking was only liable for such property, as baggage, as was appropriate to the journey being taken by its owner, indicating clearly an essential relation of baggage to the transportation of the the person who owned it. The section now before us did not in the least impair this fundamental idea. It did not change the conditions under which property might become baggage, but, in full recognition of them, simply enlarged conditionally the limitations upon the value and kind of property which might be brought within this classification.

Thus it seems very clear that the terms of this statute take into account the conditions under which property is carried quite as much as the primary character of the property and that these conditions must establish a certain transportation relationship between it and its owner to make it baggage.

If this interpretation is correct it is equally clear that the provisions do not apply to this case. Appellant did not undertake to transport respondent and incidentally her trunk. Its contract for the delivery of the latter did not take effect until that for the transportation of the owner even on the railroad had come to an end. It related exclusively to the movement of property presumably in consideration of a sum paid solely and specifically for that purpose. In this case it related to the carriage of a trunk from the railroad station to some other point, but

so far as this question is concerned it might as well have related to the carriage of a box between two houses, and there is entirely wanting that character and those conditions of transportation which enter as essential elements into the definition of baggage and of property carried as such.

I think that a further sentence in the section emphasizes the idea that it applies only to property which is being carried under the circumstances and in the relationship to a passenger which I have indicated. This sentence provides that the carrier "may make a reasonable charge for the assumption of such (increased) liability in excess of one hundred and fifty dollars and for the carriage of baggage exceeding one hundred and fifty pounds in weight upon a single ticket." While appellant's counsel has sought to escape from it I think the fair interpretation of this sentence indicates that it relates to property being carried as baggage on the ticket of a passenger.

By way of general argument it is said that the interpretation which we are giving is in opposition to certain other provisions of the statute. Our attention is called in turn to section 25 (L. 1907, ch. 429), which says: " The provisions of this article shall apply to the transportation of passengers, freight or property, from one point to another within the state of New York, and to any common carrier performing such service; " and to section 2 of the same chapter, which provides: " The term ' common carrier,' when used in this act, includes all railroad corporations, * * * express companies, * * * and all persons and associations of persons * * * operating such agencies for public use in the conveyance of persons or property within this state; " and to the sentence in the section in question, "Every common carrier and railroad corporation shall be liable for loss, damage and injury to property," etc.

Undoubtedly the various provisions of the act are to be

applied generally where it is justifiable so to do, and I assume that the appellant comes within the definition of a "common carrier," and is not to be deprived of any benefits which may go with that occupation. But the section in question is applicable only to common carriers when engaged in certain transactions, namely, in transportation of property "carried as baggage," and if I am right the appellant was not engaged in that kind of a transaction and, therefore, is not entitled to the benefit of the section.

In accordance with these views I think the judgment appealed from must be affirmed, with costs.

CULLEN, Ch. J., GRAY, VANN, WERNER, WILLARD BARTLETT and CHASE, JJ., concur.

Judgment affirmed.