VALENTINE DENOTH, PLAINTIFF AND APPELLEE, v. EL-
LEN A. CARTER, DEFENDANT AND APPELLANT.

Submitted March 20, 1913—Decided November 5, 1913.

1. The facts of this case *held* to bring it within the ruling in *Gerisch
   v. Herold,* 53 *Vroom* 605.
2. The parties to a written building contract may subsequently
   agree orally upon a different method of performing it than that
   laid down in the original contract, notwithstanding a clause in
   such contract forbidding changes without a written agreement.

On appeal from District Court.

Before Justices TRENCHARD, PARKER and VOORHEES.

For the appellant, *Samuel Press.*

For the appellee, *Harry N. Reeves.*

The opinion of the court was delivered by

PARKER, J. The question is whether the plaintiff below
was entitled to the last payment of $117 provided by a building
contract in writing made by him with the defendant. The
specifications annexed to the contract required, among other
things, the construction of a brick cesspool and a blind drain.
It was conceded that a stone cesspool was substituted by the
builder for the brick one, and in like manner a drain at the
bottom of the footing course was substituted for the blind
drain. The owner refused to accept the building or to make
the last payment with these changes. The trial court found
that the change in cesspool was authorized by a writing from
the superintendent named in the contract and was acquiesced
in orally by the owner; and that the change in the drain
was justified by the fact that said superintendent struck the
requirement for a blind drain from the specifications and
gave oral instructions for the footing drain, without any

written order of the owner, or apparently any other authority than the terms of the original contract, holding that such contract constituted the superintendent the agent of the owner for such purpose. Judgment passed for the plaintiff for the full amount claimed, less some petty allowances.

With the finding as to the cesspool we concur. It was not what the original contract called for, but that contract could be changed by assent of the parties, and if the owner chose to assent to a different cesspool from that originally specified, even orally, she should stand by the later and modified contract, if it is definite in its terms, and founded on proper consideration. *Headley* v. *Cavileer,* 53 *Vroom* 635.

With respect to the drain the case is different. The court held that the superintendent named in the contract was, for the purpose of authorizing changes, the agent of the owner. In this there was error. The contract provides that the builder shall erect, &c., "agreeably to the drawings and specifications made by John Osborne, superintendent * * * under the decision of said superintendent, to be testified by a writing or certificate under the hand of the said architect as hereinafter mentioned," &c.

It also provides:

*"Fifth.* Should any dispute arise respecting the true construction or meaning of the drawings or specifications, the same shall be decided by the superintendent and his decision shall be final and conclusive," and further provides for an arbitration in case of dispute as to value of extra work or omission.

The printed contract also provides *"Seventh.* No alterations or extra work shall be done without a written order from the owner approved by the architect and an express agreement in· writing as to the cost" and *"Tenth.* Neither the contractor nor the architect shall, without the written consent of the owner, have authority to vary, alter, amend or change this contract or any of the plans or specifications herein referred to."

The specifications provide as follows:

"Alterations: It is understood that the owner of the building or her representative has the right to make any alterations or omissions of work or materials herein specified or shown on the drawings, during the progress of the building, that they may find necessary and the same shall be acceded to by the contractor or contractors and carried into effect without in any way violating or vitiating the contract, and the value of all such alterations, additions or omissions shall be agreed upon between the said owner and the contractor before going into execution."

"Inspection: The work shall be under the supervision of the owner or the owner's representative, who shall at all times have access to and power of inspection over the work, to accept materials or workmanship in his judgment satisfactory, or reject work and material not in accordance with the drawings and specifications."

The plaintiff claims that the specifications, being written, are to be preferred to the clauses in the main contract which are printed, in case of repugnancy, and that the references in the specifications to the owner's representative indicate Osborne, the architect or superintendent named in the main contract; and evidently the trial court based its ruling on this proposition; but the claim cannot be sustained. In *Gerisch* v. *Herold,* 53 *Vroom* 605, substantially similar language was held not to constitute the architect under whose direction the work was to be executed, the "representative" of the owner. That the architect is also designated "superintendent" in the present contract adds nothing to his powers as therein specified.

It follows that there is no repugnancy between the written and printed parts of the contract, and as we find no evidence *aliunde* the contract that Osborne was created the representative of the owner in the sense contemplated by the specifications, or that the owner assented in any way to his instruction to a change in the cesspool, the court should have found a default in performance as to this item.

Whether the contract with this unauthorized change was

substantially performed so that it becomes a mere question of allowance to the owner for the difference in value if any between a blind drain and a footing drain, or whether the omission of the blind drain is a substantial defect barring a recovery, is in our view a question of fact for the trial court. The judgment will be reversed and a new trial ordered, limited, however, to the question whether there was substantial performance, and if so, what allowance should be made for the substitution. Rules 131 and 147 of the revised rules of 1913 apply. Let judgment be entered accordingly.