## ANNA B. McQUAT v. COOK'S TAXICAB & TRANSFER COMPANY.[1]

February 27, 1920.

No. 21,584.

**Liability of transfer company for loss of passenger's trunk.**

A common carrier transfer company, carrying under an independent contract a trunk coming on a train as a passenger's baggage, is responsible to the passenger for the loss of the contents of the trunk, though not all baggage as between the railway carrier and the passenger; and it cannot assert for itself the limitation of liability which runs in favor of a passenger carrier which, as an incident to the carriage of its passenger, carries his baggage.

Action in the district court for Ramsey county to recover $1,063.48, the value of a trunk and contents. The answer alleged that by the terms of

[1]Reported in 176 N. W. 763.

the contract between plaintiff and defendant and in consideration of the rate charged plaintiff, it was specifically agreed that in the event of loss or damage to said trunk or contents defendant's liability was limited to $100, and tendered judgment for $100. The case was tried before Haupt, J., and a jury which returned a verdict for $572.06. From an order denying its motion for a new trial, defendant appealed. Affirmed.

*Barrows, Stewart & Metcalf,* for appellant.

*Russell L. Moore,* for respondent.

DIBELL, J.

Action to recover the value of a trunk and its contents entrusted to the defendant for transportation and lost while in its possession. There was a verdict for the plaintiff and the defendant appeals from the order denying its motion for a new trial.

The plaintiff came from Grand Rapids, Minnesota, to St. Paul by railroad. The defendant is a common carrier of passengers and baggage in the city. It has a counter in the railway depot and an office and warehouse some blocks away in the business portion of the city. The plaintiff gave the defendant her railway baggage check at the depot for a trunk which came with her as baggage, and received its claim check in return. The trunk was taken to the defendant's warehouse and while there was stolen. It contained personal baggage valued at $200 and a large amount of table silverware and some unmade goods valued at $300. The verdict was for the value of all. The defendant concedes its liability for the personal baggage, but denies liability for the silverware and unmanufactured goods. Its claim is that its liability is that of a common carrier transporting its passenger's baggage, and therefore that it is liable only for such articles as between passenger and carrier are baggage.

The defendant performs the usual duties of a common carrier of passengers and baggage, carrying passengers to and from trains and elsewhere, and carrying baggage to and from trains and from house to house. It does not often carry passenger and baggage such as a trunk in the same conveyance. Its contract with the plaintiff was upon a consideration for the carriage of the trunk alone. This was customary. We gather from the record that it carried baggage whenever and wherever re-

quested, just as we know transfer companies do, and that it used its warehouse as a convenient point of distribution.

The common law is that a common carrier of passengers carries the ordinary baggage of the passenger as an incident to the contract of passenger carriage, and the limitation of liability to a loss of baggage and not of merchandise follows from the nature of the contract. McKibbin v. Great Northern Ry. Co. 78 Minn. 232, 80 N. W. 1052. So when the carrier knows that merchandise is being carried as baggage it is liable if it accepts it. Ferris v. Minneapolis & St. L. R. Co. 143 Minn. 90, 173 N. W. 178.

In Parmelee v. Lowitz, 74 Ill. 116, 24 Am. Rep. 276, where the circumstances resemble those before us, the court held that the carrier was liable for articles not properly baggage between carrier and passenger. It said: "Appellee was not a passenger with Parmelee. He did not pay or contract for fare. The relation between carrier and passenger did not arise or exist between them. When the trunk was received no inquiry was made by appellant as to its contents, and, so far as his liability was concerned, it was of no importance whether it contained baggage or merchandise." In Nathan v. Woolverton, 69 Misc. 425, 127 N. Y. Supp. 442, affirmed without opinion in 147 App. Div. 908, 131 N. Y. Supp. 1130, a different conclusion was reached. There, under similar circumstances, the court, holding the carrier not liable for articles not baggage said: "There is nothing about such a transaction to warn defendant, or in any way to indicate to him, that plaintiff's trunk was anything but ordinary personal baggage; nothing to indicate that, instead of receiving the ordinary personal apparel of the ordinary traveler, of very limited value, he was receiving a stock of merchandise of very large value. * * * When a check, without explanation, is presented to a carrier, it seems to me it cannot be disputed that it is tantamount to a representation that it is an ordinary trunk containing ordinary baggage; and, if it subsequently transpires that the trunk in fact did contain a large amount of jewelry, it is a fraud upon the carrier which will relieve the carrier from liability." Such was assumed to be the law in Staub v. Kendrick, 121 Ind. 226, 23 N. E. 79, 6 L.R.A. 619.

That the contract between the owner of baggage and a transfer company for its carriage differs from the contract between a passenger and

the carrier carrying his baggage as an incident to the contract of passenger carriage is excellently illustrated by Morgan v. Woolverton, 203 N. Y. 52, 96 N. E. 354, 36 L.R.A. (N.S.) 640. There a railway passenger gave her baggage check to a common carrier transfer company, with directions to deliver her baggage at a designated place. The New York statute makes the common carrier liable for the loss of "property carried as baggage up to the full value and regardless of the character thereof." But it provides that the value in excess of $150 shall be stated upon delivery to the carrier; and a reasonable charge for the assumption of additional liability may be made. The defendant sought the advantage of this statute, the plaintiff not having valued her baggage, and in referring to the nature of the contract the court said: "Appellant did not undertake to transport respondent and incidentally her trunk. Its contract for the delivery of the latter did not take effect until that for the transportation of the owner, even on the railroad, had come to an end. It related exclusively to the movement of property presumably in consideration of a sum paid solely and specifically for that purpose. In this case it related to the carriage of a trunk from the railroad station to some other point, but so far as this question is concerned it might as well have related to the carriage of a box between two houses, and there is entirely wanting that character and those conditions of transportation which enter as essential elements into the definition of baggage and of property carried as such."

We appreciate the argument that the transfer company and the owner of the baggage should be held to intend, as an implied term of their contract, that the baggage tendered for transportation is such as a passenger may carry on the train and for which he may recover in the event of loss. It is forcefully presented. We, however, reach the conclusion that such term should not be imported into the contract. But for the relation between carrier and passenger, incidental to which baggage is carried, there would not be a limitation of liability. The plaintiff paid a charge for the carriage of her trunk, and the limitation of liability should not be too much extended. The holding of either of the two cases cited can be accepted without offense to legal doctrine. In our view the most just rule and the one which on the whole will work best puts liability on the carrier for property lost under such circumstances as are before us, though

it might not have been baggage for which the passenger's carrier would be liable. The defendant, while carying baggage, was in effect carrying it as freight under an independent contract and not as a passenger carrier carries it.

Upon this view there was nothing for the jury to find except the value of all the property lost, though it be assumed, as we assume for the purposes of this decision, that some of it was not baggage between a carrier and its passenger.

Order affirmed.