## WIENER v. COMPAGNIE GENERALE TRANSATLANTIQUE.

### No. 52.

Circuit Court of Appeals, Second Circuit.
Nov. 14, 1932.

Rehearing Denied Dec. 5, 1932.

Proskauer, Rose & Paskus, of New York City (J. Alvin Van Bergh and Alfred Appel, both of New York City, of counsel), for appellant.

894

Haight, Smith, Griffin & Deming of New York City (Wharton Poor and James Mc-Kown, Jr., both of New York City, of counsel), for appellee.

Before L. HAND, SWAN, and AUGUSTUS N. HAND, Circuit Judges.

AUGUSTUS N. HAND, Circuit Judge.

The plaintiff was a passenger on the French Line steamship Ile de France sailing from New York to Havre on April 7, 1928. He purchased and paid for his passenger ticket for Havre through an agent of the line, and sent three trunks for shipment to the pier. The day the vessel was to sail, he went down to the pier and saw a man seated at a desk. He asked this man whether he would check the trunks to Paris, and was told that he would. He was also told by the same individual that he would see a representative of the French Line at the Paris station, and that, if the checks were presented to him, he would attend to sending the trunks to the plaintiff's home. The clerk at the pier asked the plaintiff to pay $4.50 for overweight baggage. One of the trunks which was placed in the hold was overweight, and for this excess weight $4.50 was paid; $3 of which was for the rail charge and $1.50 for the ocean carriage. (Fol. 280).

After the foregoing conversation, three checks were given to the plaintiff by the man at the pier, of which No. 67796 was for the trunk in question and read: "Cie Gle. Transatlantique-French Line. Baggage check from New York to Paris." On the reverse side the check read: "Delivery of baggage will be made at destination on surrender of this check."

The plaintiff embarked and toward the end of his ocean voyage purchased on the steamer a railroad ticket from Havre to Paris. On arriving at Paris, he presented his checks to the representative of the French Line at the Paris station and obtained two of his trunks, but failed to obtain No. 67796, which had been destroyed by a fire on the railroad. This was the trunk in the hold.

The steamship ticket was for the transportation of "Mr. & Mrs. William E. Wiener" from "New York to Havre," and contained a clause providing that each passenger should be entitled to the ocean transportation of one trunk not exceeding 150 pounds in weight and should pay $1.50 for each additional piece, provided the above-mentioned weight was exceeded. The ticket also provided that: "No agent or employee

of the Company is authorized to vary or modify the terms of the foregoing agreement, and each passenger agrees that this is the only contract had between him and the Company."

This action was brought against the French Line as a common carrier for failure to deliver the plaintiff's trunk at Paris. It is contended by way of defense that the defendant only contracted to carry the trunk to Havre, and that in making the arrangement for delivery in Paris it acted as agent for the railroad and not as principal. It is further said that, if the clerk at the pier arranged for carriage of the trunk to Paris on account of the steamship company, he had no authority to bind it to such a contract.

The trial court directed a verdict for the defendant on the ground that there was no contract made on its behalf to carry plaintiff's trunk beyond its own line, and, if one was attempted, the representative at the pier lacked authority to consummate such an arrangement. From a judgment entered on the verdict, the plaintiff took this appeal.

■■ We think there was ample ground for concluding that the defendant as principal contracted to carry the trunk to Paris. At the time plaintiff made his arrangement with the clerk at the pier, he had not purchased a railroad ticket nor was anything then said about purchasing one. He appears to have been then at liberty to go from Havre to Paris himself by automobile or aeroplane as well as by rail. The fact that some days later he purchased a passenger ticket can have no bearing on the contract to take his trunks. He was told nothing by the clerk about what relation the steamship company had with the railroad, and it was not suggested that the clerk was acting on behalf of the railroad in contracting to carry the trunk from Havre to Paris. Moreover, the clerk's statement to the plaintiff that the latter would see a representative of the French Line at the Paris station who would take his checks and attend to sending the trunks to his home in Paris was an indication that the trunks were to be carried by rail under a contract with the defendant. The checks for the baggage were issued in the name of the French Line, and each read: "Delivery of baggage will be made at destination upon surrender of this check." It is true that a baggage check is a receipt and not in itself a contract of carriage (Isaacson v. New York Central & H. R. Ry. Co., 94 N. Y. 278, at

page 286, 46 Am. Rep. 142); but here we have an oral contract of affreightment by rail from Havre to Paris, and the inscription on the check may be regarded as tending to confirm the parol evidence as to what that contract was.

Even though, under the so-called American rule, the initial carrier, in the absence of a special contract, is not subject to liability for damage occurring to baggage after it comes into the possession of a connecting carrier, there was a special contract of affreightment here. The check was not issued upon tickets covering first the line of the initial carrier and then the line of a connecting carrier. Here a contract was made for carriage from Havre to Paris by rail; that carriage was paid for, and there was no accompanying railroad ticket. We think that the defendant acted as principal in making such a contract. Ogdensburg & Lake Champlain R. R. Co. v. Pratt, 22 Wall. 123, 22 L. Ed. 827; Northern Pac. Ry. Co. v. Amer. Trading Co., 195 U. S. 439, 25 S. Ct. 84, 49 L. Ed. 269; Hutchins v. Pennsylvania R. R. Co., 181 N. Y. 186, 73 N. E. 972, 106 Am. St. Rep. 537; Talcott v. Wabash R. R. Co., 159 N. Y. 461, 54 N. E. 1; Jennings v. Grand Trunk Railway of Canada, 127 N. Y. 438, 28 N. E. 394; Isaacson v. N. Y. C. & H. R. R. R. Co., 94 N. Y. 278, 46 Am. Rep. 142; Millard v. Missouri, K. & T. R. R. Co., 86 N. Y. 441; Condict v. Grand Trunk Ry. Co., 54 N. Y. 500; Van Buskirk v. Roberts, 31 N. Y. 661; Quimby v. Vanderbilt, 17 N. Y. 306, 72 Am. Dec. 469; Hart v. Rensselaer & Saratoga R. R. Co., 8 N. Y. 37, 59 Am. Dec. 447.

■ The contention that the clerk who arranged for the transportation of the trunk by rail lacked authority to contract on behalf of the defendant is without merit. He was in charge of checking baggage, and was supplied with checks for checking trunks from Havre to Paris. The evidence shows that he was clothed with authority, and money was paid to the clerk and retained by defendant in order to cover the railroad carriage. Talcott v. Wabash R. R. Co., 159 N. Y. 461, at page 468, 54 N. E. 1; Isaacson v. New York C. & H. R. R. R. Co., 94 N. Y. 278, at page 286, 46 Am. Rep. 142; Sloman v. Great Western Ry. Co., 67 N. Y. 208. It is impossible for a defendant that received through its clerk compensation for transportation to Paris of the trunk in question reasonably to deny the latter's authority.

■ The clause in the steamship ticket forbidding alteration of its terms is relied on as a further defense. But the arrangement for carriage of trunk No. 67796 from Havre to Paris was not an alteration of the terms of the ocean ticket but a supplemental contract of affreightment which that ticket did not cover. Even a provision that there shall be no modification of an existing contract may be revoked by a new agreement between the parties which contradicts it. Certainly an additional agreement which does not affect the earlier must be valid. 3 Williston on Contracts, p. 3149; Beatty v. Guggenheim Exploration Co., 225 N. Y. 380, 387, 388, 122 N. E. 378; Denoth v. Carter, 85 N. J. Law, 95, 88 A. 835. The decisions of the Supreme Court in Northern Assurance Co. of London v. Grand View Building Association, 183 U. S. 308, 22 S. Ct. 133, 46 L. Ed. 213; Penman v. St. Paul Fire & Marine Ins. Co., 216 U. S. 311, 30 S. Ct. 312, 54 L. Ed. 493, and Prudential Ins. Co. v. Moore, 231 U. S. 560, 561, 34 S. Ct. 191, 58 L. Ed. 367, limiting the power of an agent to modify a contract, have no bearing on the right of the agent in this case to make a supplemental contract of affreightment.

■ In the view we take, it is unnecessary to discuss the clause in the passenger ticket limiting liability for loss or to consider the question whether the provisions as to insurance can be regarded as an adequate substitution for an offer of alternative rates for the carriage of baggage of greater value than $100. The contract to transport the trunk by rail was not a contract to carry baggage under the passenger ticket, but, as we have said already, was a separate contract of affreightment from Havre to Paris unrelated to any accompanying passenger. If it was intended to incorporate into the oral contract clauses appearing in fine print in the ticket, clauses which many or most passengers would not read, the plaintiff should have been advised that they were to be a part of the supplemental contract. As the record stands they cannot be regarded as affecting the oral arrangement.

In our opinion, the evidence before the trial court established the making of a special contract by the defendant to carry trunk No. 67796 from Havre to Paris. It was therefore error to direct a verdict for the defendant upon the theory that it had entered into no such contract as principal.

The judgment accordingly must be reversed.

896

On Petition for Rehearing.

PER CURIAM.

■ The words "separate contract of affreightment" were used in the opinion because the plaintiff had not purchased a railroad ticket at the time when the special contract to carry the trunks from Havre to Paris was made. Therefore that contract was not strictissimi juris for the carriage of "baggage" and was a special contract of affreightment. Morgan v. Woolverton, 203 N. Y. 52, 96 N. E. 354, 36 L. R. A. (N. S.) 640; Saunders v. Southern Ry. Co. (C. C. A.) 128 F. 15. But we have not meant to say that the parties ever manifested an intention to have the obligation of a common carrier extend to belongings which could under no circumstances be considered "baggage," unless their nature was disclosed. The surrounding circumstances of this case contravene the imposition of any such unlimited liability.

Under our decision, the District Court on a new trial will be at liberty to determine what portion of the contents of the trunks was of the nature of "baggage," as that term is used in relation to belongings transported by virtue of the possession of a passenger ticket. So far as any portion of plaintiff's belongings was not of the nature of "baggage," defendant's liability for its loss was that of a bailee and not of a common carrier, unless defendant knew when it agreed to carry it that it might not be of that nature and consented to transport it as such. Humphreys v. Perry, 148 U. S. 627, 13 S. Ct. 711, 37 L. Ed. 587; Hannibal Railroad v. Swift, 12 Wall. 262, 20 L. Ed. 423; Saunders v. Southern Ry. Co. (C. C. A.) 128 F. 15. While, therefore, the special contract was one of affreightment, so far as defendant's liability as a common carrier was concerned, that contract applied only to articles of the nature of "baggage."

■ In view of the foregoing, it seems plain that there was no substantial variance between the complaint, which sought damages for failing to deliver "baggage" carried on a passenger ticket and the proof which showed a contract to carry belongings of the nature of "baggage."

■ The contention that we misconceived the nature of defendant's obligation under the special contract, because the defendant could not act as a common carrier for transportation of the trunks beyond its line by rail, is without merit. It is settled law that, if a common carrier contracts to carry beyond its line, "its common carrier liability will extend over the entire route." Atlantic Coast Line v. Riverside Mills, 219 U. S. at page 197, 31 S. Ct. 164, 55 L. Ed. 167, 31 L. R. A. (N. S.) 7. See, also, Northern Pac. Ry. Co. v. American Trading Co., 195 U. S. 439, 25 S. Ct. 84, 49 L. Ed. 269; Ogdensburg, etc., R. R. Co. v. Pratt, 22 Wall. 123, 22 L. Ed. 827. When the defendant entered into the special contract, it assumed the obligations of a common carrier in the transportation of the "baggage" from Havre to Paris.

The petition for a rehearing is denied.