W. P. HAINES *vs.* CHICAGO, ST. PAUL, MINNEAPOLIS & OMAHA RAIL-
WAY COMPANY.

May 30, 1882.

**Passenger Carriers—Duty and Liability as to Baggage not Personal.—**
A carrier of passengers for hire is only bound to carry their "personal
baggage." Therefore, if a passenger deliver to the carrier as baggage a
trunk or valise containing merchandise, not his personal baggage, of
which fact the carrier had no notice, the carrier would not,-in the absence
of negligence, be liable for its loss. The carrier is not bound in such a
case to inquire as to the nature of the property, but has a right to assume
that it consists only of the personal baggage of the passenger.

Appeal by defendant from a judgment of the municipal court of
St. Paul, entered on plaintiff's motion on the pleadings. The case
is stated in the opinion.

*C. L. Catlin,* for appellant.

*O'Briens & Eller,* for respondent, cited Schouler on Bailments, 346;
*Dexter* v. *Syracuse, etc., R. Co.,* 42 N. Y. 326; *Davis* v. *Railroad
Co.,* 10 How. Pr. 333; *Grant* v. *Newton,* 1 E. D. Smith, 95; *McCor-
mick* v. *Hudson R. R. Co.,* 4 E. D. Smith, 181; *Duffy* v. *Thompson,*
Id. 178; *Ouimit* v. *Henshaw,* 35 Vt. 605; *Porter* v. *Hildebrand,* 14
Pa. St. 129.

MITCHELL, J.   To have entitled the plaintiff in this action to judg-
ment on the pleadings, the allegations of the complaint not denied in
the answer, together with any allegations of new matter in the nature
of admissions contained in the answer, must have been sufficient to
constitute a good cause of action in his favor. Neither complaint
nor answer are models of clearness, but we think that the following
are the conceded facts, according to the fair construction of the plead-
ings: The plaintiff purchased of defendant and paid for a ticket for
his transportation as a passenger on defendant's road from Menomo-
nie to Stillwater, and delivered to defendant a valise containing
"goods, wares and merchandise, commonly called notions," for trans-
portation from Menomonie to Stillwater. Defendant received the
valise and gave a check for it. The only agreement between plain-

tiff and defendant regarding it was simply the usual implied contract between carrier and passenger to carry the ordinary personal baggage of the passenger. Under this implied contract defendant received the valise as the ordinary baggage of plaintiff, for transportation as such, and not otherwise. The only consideration paid by plaintiff to defendant was the amount paid for his passage ticket. The valise and contents were lost without fault on the part of defendant.

Two things are to be observed regarding this statement of facts: *First*, the contents of the valise were not the "personal baggage" of plaintiff; at least it does not appear and is nowhere alleged that they were; and the description of the property contained in the complaint, we think, affirmatively shows that they were not. *Second*, it is not alleged or admitted that the defendant had any notice that the contents of the valise were not plaintiff's personal baggage. On such a state of facts plaintiff would not be entitled to recover. A carrier of passengers for hire is only bound to carry their *personal* baggage; and if a passenger delivers to a carrier as baggage a trunk or valise containing property, not his personal baggage, and the carrier has no notice of the fact, he is not responsible as carrier or insurer for its loss. The reason is that as to such property the carrier has made no contract. Doubtless, if the carrier had actual notice of the nature of the property, and still received it as baggage, he would be liable. But he is not bound to inquire as to the contents of the trunk or valise delivered as baggage by a passenger. He has a right to assume that it contains nothing but his personal baggage. Therefore, at least in the absence of negligence, a passenger, in order to recover from a carrier for property not his personal baggage, which he has delivered to the carrier as baggage without payment of other consideration than the price paid for his passage ticket, must prove that the carrier had notice of the nature of the property, and the burden of proving this notice rests upon the passenger. Therefore, it not appearing from the pleadings that this property was the personal baggage of the plaintiff, or that defendant had notice that it was not, plaintiff was not entitled to judgment on the pleadings. We are not called upon to consider what the term "personal baggage" might include.

Judgment reversed and cause remanded.