[No. 13182.   In Bank. — August 4, 1890.]

## JOSEPH F. METZ, RESPONDENT, v. CALIFORNIA SOUTHERN RAILROAD COMPANY, APPELLANT.

CARRIERS — IMPLIED CONTRACT AS TO LUGGAGE. — A contract to carry luggage only implies an undertaking to transport such a limited quantity of articles as are ordinarily taken by travelers for their personal use and convenience, or for the personal equipment of the traveler.

ID. — LOSS OF JEWELRY NOT BELONGING TO PASSENGER — SPECIAL CONTRACT. — A man traveling alone, carrying a lady's jewelry in his trunk, cannot recover from the carrier for its loss when stolen during the passage, if there was no special contract with the carrier relating thereto.

APPEAL from a judgment of the Superior Court of San Bernardino County.

The facts are stated in the opinion of the court.

*A. Brunson, C. W. C. Rowell,* and *Charles R. Redick,* for Appellant.

*A. W. Blair,* for Respondent.

SHARPSTEIN, J. — This appeal is from a judgment rendered in favor of plaintiff, and against defendant, for the sum of $357 and costs.

The only question presented by the record is, Do the findings support the judgment?

The court finds that at Kansas City, Missouri, in January, 1888, the plaintiff engaged passage on the defendant's railroad to Colton, in this state, bought a ticket, paid his fare, and checked his trunk, containing, among other things, one lady's gold watch and chain, of the value of one hundred and fifty dollars; one lady's breastpin and ear-rings, of the value of fifteen dollars; five lady's gold rings, of the value of twenty-five dollars; one set lady's small gold ear-rings, of the value of five dollars; two lady's silver rings, of the value of two dollars; one lady's gold bracelet, of the value of twenty-five dollars, — which the court found to be "proper articles of luggage and baggage for the plaintiff to carry as such."

Defendant had no knowledge of said contents when it received and checked said trunk, and assumed no other obligation in relation thereto than such as was imposed by law under the facts above stated; that is, there was no special contract between the parties relating to said trunk and contents.

When the trunk was delivered to plaintiff by defendant at Colton, the articles above named, together with other articles, the right to recover the value of which is conceded by appellant, were missing, and were not, and never have been, delivered to plaintiff.

The court further finds that all the articles so lost were carried in said trunk, not for trade, gift, or speculation, but for transportation. The value of these articles is included in the judgment recovered by plaintiff against defendant, and appellant insists that the judgment should be modified by deducting from it the value of said above. enumerated articles. And his contention is, that said articles, or none of them, constituted what in law is defined to be luggage or baggage.

Common carriers are required to receive and carry a reasonable amount of luggage for each passenger without charge. (Civ. Code, sec. 2180.)

" Luggage may consist of any article intended for the use of a passenger while traveling, or for his personal equipment." (Civ. Code, sec. 2181.)

Before the enactment of this code, courts acknowledged the difficulty of defining with accuracy what should be deemed luggage, within the rule of the carrier's liability, and we think this provision of the code has disencumbered the subject little, if any, of the difficulty which previously surrounded it. If we define the word "equipment" as Webster defines it, viz., " the act of equipping or being equipped for a voyage or expedition," it adds nothing to what had long before been understood as comprehended in the term "luggage."

In *Hannibal R. R. Co.* v. *Swift,* 12 Wall. 272, the court,

speaking through Mr. Justice Field, said that the contract to carry "only implies an undertaking to transport such a limited quantity of articles as are ordinarily taken by travelers for their personal use and convenience, — such quantity depending, of course, upon the station of the party, the object and length of his journey, and many other considerations." To the same effect is a decision of the queen's bench in *Macrow v. Great Western Railway Co.*, L. R. 6 Q. B. 121, where Chief Justice Cockburn announced the true rule to be, "that whatever the passenger takes with him for his personal use or convenience, according to the habits or wants of the particular class to which he belongs, either with reference to the immediate necessities or to the ultimate purpose of the journey, must be considered as personal luggage."

It is not found that the plaintiff carried those articles for his personal wear or convenience with reference to his immediate necessities or to the ultimate purpose of his journey. But it is found that he was carrying them for transportation. And it is found that they were proper articles of luggage and baggage for the plaintiff to carry as such.

We are not prepared to hold that a gentleman traveling without a wife or other female companion would, ordinarily, no matter what his rank or station in life might be, carry as baggage for his personal use or convenience a quantity of lady's jewelry, or that, if he did carry it, and it was lost, he could recover the value of it of a common carrier who had no knowledge of its being among the contents of a trunk which was being carried as luggage.

In one case, *McGill v. Rowland*, 3 Pa. St. 451, 45 Am. Dec. 654, the supreme court of Pennyslvania held that where a man was traveling with his wife, whose jewelry was in a trunk which was being transported as baggage, and was lost, the husband was entitled to recover of the com-

mon carrier its value. In that case, it might well have been held that the jewelry "was intended for the use of a passenger while traveling."

The supreme court of the United States, in *Railroad Company* v. *Fraloff*, 100 U. S. 24, says: "Whether articles of wearing apparel, in any particular case, constitute baggage, as that term is understood in the law, for which the carrier is responsible as insurer, depends upon the inquiry whether they are such in quantity and value as passengers under like circumstances ordinarily or usually carry for personal use when traveling."

"The implied understanding," says Mr. Angell, " of the proprietors of stage-coaches, railroads, and steamboats, to carry in safety the baggage of passengers is not unlimited, and cannot be extended beyond ordinary baggage, or such baggage as a traveler usually carries with him for his personal convenience." (Angell on Carriers, sec. 115.)

In *Pfister* v. *C. P. R. R. Co.*, 70 Cal. 169, 59 Am. Rep. 404, this court had occasion to consider the provisions of the code above cited, but the question in that case was, whether a passenger was entitled to carry a large sum of money as baggage. It was held that he was not. But that decision in no way aids us in the solution of the question involved in this case. We are satisfied, however, in this case, that the findings do not support the judgment for more than $135, the value of the articles lost, other than those which we have enumerated above.

It is therefore ordered that the judgment be modified by deducting therefrom all over $135, and the plaintiff have judgment for that sum only, and that appellant recover the costs of its appeal.

McFARLAND, J., WORKS, J., and PATERSON, J., concurred.