### GURNEY *v.* GRAND TRUNK RY. CO. OF CANADA.

*(Supreme Court, General Term, First Department.* March 18, 1891.)

CARRIERS—LOSS OF PASSENGER'S EFFECTS.

A common carrier of passengers and their baggage is not liable for the loss, through its negligence, of samples of merchandise carried, without the knowledge of the carrier or any of its servants, in the trunk of a passenger; there is no liability therefor either on its contract as carrier or as bailee of the property.

Appeal from special term, New York county.

Action by Frederick B. Gurney against the Grand Trunk Railway Company of Canada. Plaintiff appeals from an interlocutory judgment sustaining a demurrer to the complaint.

Argued before VAN BRUNT, P. J., and DANIELS and O'BRIEN, JJ.

*Benjamin B. Foster,* for appellant. *Sprague, Morey, Sprague & Brownell,* (*George F. Brownell,* of counsel,) for respondent.

VAN BRUNT, P. J. The complaint alleges that the defendant is a foreign corporation, and a carrier of passengers and their baggage for hire, between the places in the complaint mentioned, and that in April, 1889, the defendant received into a train of passengers, to be carried from Suspension Bridge to Detroit for hire, one Launcelot S. Gurney, with his baggage, to-wit, a trunk in which, besides his wearing apparel, were contained samples of cutlery, the property of the plaintiff, to be used and exhibited by Launcelot S. Gurney in soliciting from purchasers orders for merchandise to be filled by plaintiff, said samples being of a certain value; and that by the negligence and improper conduct of the servants of the defendant, unskillfully and carelessly managing said train, the cars and the engine by which the same were propelled, and particularly by running said cars and engine at an immoderate and unsafe speed upon a descending grade, round an abrupt curve on said railroad, caused certain cars and said engine to be thrown from the track, and fire to be communicated to certain other cars, at or near a point known as "Hamilton Junction," by means whereof the train and its contents were destroyed, and the plaintiff damaged, etc. To this complaint the defendant demurred, upon the ground—*First,* that the court had no jurisdiction of the person of the defendant; *second,* that the court had no jurisdiction of the subject of the action; and, *third,* that the complaint does not state facts sufficient to constitute a cause of action. The court sustained the demurrer upon the last ground stated, and from the judgment thereupon entered this appeal is taken.

The question presented is whether a common carrier can be held liable for the loss of merchandise carried in the trunk of one of its passengers, of the presence of which there is no claim that either it or any of its servants had knowledge. We think there can be but one answer to this proposition, and that is the one given by the learned judge who decided the demurrer in the court below. The counsel for the appellant seeks to support a recovery upon the ground that, although the defendant may not be liable upon its contract as carrier, and therefore not as insurer, yet it is liable as bailee, where the property has been lost through its negligence. In 2 Amer. & Eng. Enc. Law, 772, the principles governing this relation are very aptly set forth. It is said: "The application of that law [that is, the law of bailments] to the facts of cases involving carriers without hire is all that need be attempted. Its cardinal principles are thus tersely stated: When the bailment is for the sole benefit of the bailor, the law only requires slight diligence on the part of the bailee, and he is consequently responsible for nothing less than gross negligence. When the bailment is for the sole benefit of the bailee, an extraordinary degree of care is demanded, and the bailee is therefore responsible for slight neglect. When the bailment is reciprocally beneficial to both par-

ties, as in the case of carriage of goods for hire, such care is exacted of the bailee as every prudent man commonly takes of his own goods; or, in other words, the law requires ordinary diligence upon the part of the bailee, and makes him responsible for his neglect. The well-known and most important difference between carriers without hire and common carriers is found in the measure of liability they respectively assume in their undertaking to carry and deliver. The former is determined by the degree of negligence of which he is guilty, while the latter is an insurer." It will thus be seen that, if the defendant knowingly attempted to carry these goods, it would have been simply a bailee performing an act for the sole benefit of the bailor, and would only be liable for gross neglect. This is the rule laid down in the case of *Stimson* v. *Railroad Co.*, 98 Mass. 83, and the same rule is recognized in *Alling* v. *Railroad Co.*, 126 Mass. 121, and again reiterated in *Blumantle* v. *Railroad Co.*, 127 Mass. 322. And although the question was not up for determination in that case, the same rule is also recognized in *Sloman* v. *Railway Co.*, 67 N. Y. 208, where a recovery is allowed expressly upon the ground that the railroad company had notice that the trunks contained other than personal baggage, and received compensation for their transportation. This rule applies, therefore, only to those cases where the transportation company has notice that it is being made a bailee, and has accepted that position. Under these circumstances, as already stated, the transportation company, under the rules of law applicable, is liable for gross neglect, and nothing less will suffice to make it liable. Now, what is gross neglect? As contradistinguished from "ordinary neglect," "gross neglect" means acts equivalent to willful acts, upon the part of the bailee, by which the property is lost. Where he willfully refuses to take any precaution for the purpose of saving or caring for the property, the bailee is guilty of gross neglect. It is not where he simply fails to use the ordinary care which a prudent person would exercise under the circumstances. But in the case at bar there is not the slightest evidence that the defendant knew that it was transporting any property of the plaintiff. There is not the slightest evidence that it ever accepted any obligation in reference to any property belonging to the plaintiff. But, without its knowledge, the plaintiff's property is thrown into its possession, without it having seen it or known of its existence, and when lost is called upon to pay for it. There is no case that we have been able to find that in the slightest degree countenances a recovery on such a state of facts.

The judgment should be affirmed, with costs. All concur.