period for which he sues, and, the employment being by the month, as he testifies, he was entitled to wages only for services for the full period. The nonpayment of wages for the prior month was not tantamount to a discharge, and the recovery should have been limited to the actual wages earned.

Judgment reversed, and new trial ordered, with costs to appellants to abide the event, unless respondent stipulates to reduce recovery to $40, in which event the judgment, so reduced, will be affirmed, without costs.

(99 App. Div. 163)

### SALEEBY v. CENTRAL R. CO. OF NEW JERSEY.

(Supreme Court, Appellate Division, First Department. December 9, 1904.)

1. CARRIERS—LOSS OF BAGGAGE—NEGLIGENCE—PRIMA FACIE CASE.

In an action against a carrier, the unexplained loss of a traveling case, checked by it as baggage, is sufficient to establish a prima facie case of negligence.

2. SAME—MERCHANDISE.

Where a carrier undertook, without extra compensation, to transport a traveling case with notice that it contained merchandise or samples, and not baggage, it was liable for loss thereof.

3. SAME—BAGGAGE MASTER—AUTHORITY.

A railroad baggage master has authority to accept merchandise from a passenger, and contract to carry it as baggage without additional compensation.

4. SAME—LIMITED LIABILITY—STATUTES.

Where a statute authorized carriers to limit their liability for loss of "goods, merchandise, or baggage" received for transportation by notice "inserted in the bills of lading or receipts given for such merchandise or in the tickets to passengers," a carrier's liability was not limited thereunder with respect to merchandise of a passenger transported in a packing case without extra compensation, where no bill of lading or receipt was given therefor except the passenger's ticket, which limited the company's liability to baggage defined as wearing apparel only.

Patterson, J., dissenting.

Appeal from Trial Term, New York County.

Action by Rasheed G. Saleeby against the Central Railroad Company of New Jersey. From a judgment in favor of plaintiff and from an order denying defendant's motion for a new trial, it appeals. Affirmed.

See 81 N. Y. Supp. 903.

The action was brought to recover for damages sustained by the plaintiff by the failure of the defendant to deliver to him a traveling case containing merchandise which he had checked as baggage on August 5, 1902, to West End, N. J., from the defendant's railroad station at the foot of Whitehall street. New York City. The plaintiff purchased a ticket, and thereafter presented the traveling case to the baggage master, and he testifies that he then told the baggage master that it contained valuable goods and samples, which he intended to offer for sale on the following day. His testimony was corroborated by two witnesses, but the baggage master denied receiving any such information. The case contained laces and silks of the conceded value of $656.86. Of these $97.05 worth were the absolute property of the plaintiff,

---

¶ 2. See Carriers, vol. 9, Cent. Dig. §§ 1531, 1533.

and the balance he had purchased on memorandum. The ticket bought by plaintiff for his transportation and upon which he checked the case stated: "Free transportation allowed for 150 lbs. baggage (wearing apparel) only and company's liability expressly limited to $1 per lb." It was further testified that conspicuously posted in the station was a notice that the defendant limited its liability as carriers of goods, merchandise, and baggage to $100 for every 100 pounds weight, in accordance with the New Jersey statute providing that any railroad corporation of the state may, by giving notice, so limit its responsibility, a general notice of such limitation to be conspicuously posted at the receiving office of such company and inserted in tickets delivered to passengers. The value being admitted, the court submitted to the jury the question whether or not the baggage master received the case with notice of the character and value of its contents, and, upon their finding in favor of the plaintiff, a judgment was so entered for the total amount claimed, and from such judgment the defendant appeals.

Argued before VAN BRUNT, P. J., and HATCH, PATTERSON, O'BRIEN, and LAUGHLIN, JJ.

Robert Thorne, for appellant.
J. Allison Kelly, for respondent.

O'BRIEN, J. The questions presented are, first, whether the defendant is liable at all; and, secondly, if it is, the extent of such liability. Resolving the first question favorably to the plaintiff, it is unnecessary for us to hold that the defendant was an insurer, because, upon the theory that the defendant was a bailee, it would be liable for negligence, and negligence was established prima facie by the unexplained loss of the traveling case. As to the extent of the liability, we think that the plaintiff can recover the full value of the merchandise which the defendant had received as such for transportation. Upon the first question there are many cases in this state where a carrier has been held liable for merchandise lost, with or without notice of its character; but in such cases it appeared that extra compensation was paid, and thus the liability was based upon an independent contract for the transportation of the merchandise as such. See Stoneman v. Erie R. R., 52 N. Y. 429; Sloman v. Great Western Ry. Co., 67 N. Y. 208; Talcott v. Wabash R. R., 159 N. Y. 461, 54 N. E. 1; Trimble v. N. Y. C. & H. R. R. R., 162 N. Y. 84, 56 N. E. 532, 48 L. R. A. 115. These cases are not of much assistance to the plaintiff, because the right of recovery in each of them was predicated upon the fact that there was a separate and independent contract based upon an adequate consideration for the transportation of the goods or merchandise. Here there was no independent contract based on extra compensation; but, according to the facts as found by the jury, the defendant, with knowledge that the case contained merchandise, and not wearing apparel, agreed to carry it and deliver it to the passenger at a designated place on its route. We have been referred to no authority in this state directly in point, and the question may therefore be considered as a new one, and involves the determination of whether a railroad company which undertakes without extra compensation to transport a case containing merchandise or samples is liable for the failure through negligence to perform its undertaking. It is conceded that, if the traveling case contained what is usually known as baggage, the defendant would be liable for its loss; and we do not see why the defendant is not equally

liable if, in consideration of the fare paid by the passenger, it undertakes to transport him and such property as he delivers to the baggage master for transportation. The consideration for such a contract is the money paid by the passenger. It was the undoubted right of the company to refuse the case when knowledge was brought home to it that it contained other than baggage, or it could have refused to transport it without extra compensation. Having, however, without extra compensation, undertaken to transport the plaintiff and the traveling case, which it had notice contained not baggage, but merchandise, we think that the company is liable for its loss. In other words, the carrier is liable for the goods, although not baggage, if, knowing their character, it accepts them as baggage. In the Stoneman v. Erie R. R. Case, supra, in which, as we have pointed out, there was an independent contract, it was said in the course of the opinion: "I think it safe to say that, if the carrier knew or had notice of the character of the goods taken as baggage, and still undertook to transport them, he is liable for their loss, although they are not traveler's baggage." It is suggested by the defendant that the baggage master had no authority to impose such an obligation on the company. The baggage master, however, represented the railway company, and, within the scope of his employment, could bind the company. The right to accept from a passenger merchandise and contract to carry it was within the apparent scope, and we think that the real scope, of the authority conferred on the baggage master. A passenger comes in contact with no officer of the company, and with respect to personal baggage or articles other than baggage which he desires to carry with him in a valise, case, or trunk those with whom he must deal are the baggage master and his assistants.

Upon the extent of the liability the appellant calls our attention to the statute of New Jersey which was conspicuously posted in the baggage room, and the notice upon the ticket purchased by the passenger, and upon these bases the contention that the liability of the company, if any, was limited to $1 per pound to the extent of 150 pounds. Under the New Jersey statute the right is conferred upon the company, by giving notice to any person or persons offering goods, merchandise, or baggage for transportation on the railroad, to limit its liability. The notice was given in this case under the statute so far as it relates to baggage (wearing apparel only), but with respect to merchandise there was no limitation in terms upon the ticket. The notice which was posted conspicuously in the office specified the limitation as to both baggage and merchandise, but it will be seen from the reading of the New Jersey statute that not only was this necessary, but, in addition, there was the requirement that where goods, merchandise, or baggage are received for transportation there should also be a notice "inserted in the bills of lading or receipts given for such merchandise or in the tickets to passengers." It is not claimed that there was any receipt or bill of lading given to the plaintiff when the traveling case with the merchandise was delivered for transportation, and, as we have pointed out, there was nothing in the ticket which called the attention of the plaintiff to any limitation of liability for merchandise. Were it not for the limitation which the statute allows in the case of both baggage and

merchandise, the carrier would be liable for the full value of the property lost; and the only way that the company could get rid of liability for the full value of the property delivered would be by taking advantage of the statute and giving the notice as thereby required, which, as we have seen in the case of this particular merchandise, was not done.

There are decisions which sustain the view that, if the property delivered is of such a peculiar and exceptional value that the duty is imposed upon the passenger of calling the attention of the representative of the company thereto, and, if he fails to do so, the company would not be liable for the full value. Where, however, as here, there was nothing extraordinary or exceptional about the character or value of the merchandise delivered, we do not think that the cases referred to are applicable. Upon this branch of the subject, therefore, if liable at all, as we think the defendant is, the learned trial judge properly held that it was liable for the full value of the merchandise which it undertook to transport.

The defendant calls attention to the fact that the value of the articles which were the exclusive personal property of the plaintiff did not exceed the sum of $97.50, and that the balance for which the jury found a verdict consisted of the value of samples and goods which had been delivered to the plaintiff on memorandum. It is apparent, however, from the plaintiff's testimony, that these were sold to him on memorandum of sale, and, unless returned by him, he would have to pay for them. In effect, therefore, there was a sale to him, and, though referred to as a sale on memorandum, the only limitation upon the plaintiff's unqualified title, such as would vest by an absolute sale, was that he could have returned the property, and thus have avoided payment, or, if he did not pay therefor at the time fixed, the sellers might disaffirm his title, and recover the property, or, affirming the sale, sue for the value. The goods having been lost, the former remedy was taken from the sellers, and the liability of the plaintiff to return the property made him liable to the sellers for their value. The title, however, passed; and, for the reasons already given, the plaintiff was entitled to recover the full value of the property.

We think, therefore, that the judgment and order appealed from should be affirmed, with costs. All concur, except PATTERSON, J., who dissents.