(69 Misc. Rep. 425.)

NATHAN v. WOOLVERTON.

(Supreme Court, Trial Term, Kings County. November, 1910.)

CARRIERS (§ 400*)—BAGGAGE—EXTRAORDINARY VALUE—CONCEALMENT.

Where a passenger checks his trunk without notice to the carrier that it contains anything but ordinary baggage, though it contains merchandise of great value, on loss of the trunk, his silence will prevent him from recovering its value in an action for breach of contract of carriage.

[Ed. Note.—For other cases, see Carriers, Cent. Dig. §§ 1531–1534; Dec. Dig. § 400.*]

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Action by Sigmund Nathan against William H. Woolverton, President of the New York Transfer Company. Verdict for plaintiff set aside, and new trial ordered.

Robert L. Turk, for plaintiff.

Hill, Lockwood, Redfield & Lydon, for defendant.

JAYCOX, J. . At the time of the trial of this action the court held "that the question of the concealment of value, upon the undisputed facts of the agreement and of the silence of the plaintiff, was one of law for the court, and not of fact for the jury" (Magnin v. Dinsmore, 62 N. Y. 35–44, 20 Am. Rep. 442), and that question was not submitted to the jury. At that time the court took the view that the facts were undisputed, and they are, in so far as what occurred when plaintiff delivered his check to the defendant agent and received defendant's check. In my opinion, again quoting from Magnin v. Dinsmore, supra:

"Silence only as to value amounted to such an imposition upon the defendant as would relieve it from a liability for the total value of the goods, unless something more in its conduct is shown than negligence to carry safely and to deliver promptly."

I cannot see how any other conclusion can be arrived at, if the contract is deemed complete when the check was delivered to defendant's agent and plaintiff took defendant's check. There is nothing about such a transaction to warn defendant, or in any way to indicate to him, that plaintiff's trunk was anything but ordinary personal baggage; nothing to indicate that, instead of receiving the ordinary personal apparel of the ordinary traveler, of very limited value, he was receiving a stock of merchandise of very large value. I do not think it can be presumed that travelers ordinarily carry baggage of such value or character as is here shown. Again quoting from Magnin v. Dinsmore:

"A shipper may become chargeable with fraud upon a carrier, through imposition and deception, as well when he is silent as when he speaks that which is untrue. A neglect to disclose the real value of a package, and the nature of its contents, if therewith there is that in its form, dimension, and other appearance designed, and, even if not designed, if fitted, to throw the carrier off his guard, will be conduct amounting to the fraud now spoken of. The intention to impose upon the carrier is not material. It is enough if such is the practical effect of the conduct of the shipper."

When a check, without explanation, is presented to a carrier, it seems to me it cannot be disputed that it is tantamount to a representation that it is an ordinary trunk containing ordinary baggage; and, if it subsequently transpires that the trunk in fact did contain a large amount of jewelry, it is a fraud upon the carrier which will relieve the carrier from liability. 6 Cyc. 668; Orange County Bank v. Brown, 9 Wend. 85, 24 Am. Dec. 129.

Aside from this, the mere fact that the trunk held goods other than baggage has been held to absolve the carrier from liability for such goods. Simpson v. N. Y., N. H. & H. R. R. Co., 16 Misc. Rep. 613, 38 N. Y. Supp. 341; Sloman v. Great Northern R. Co., 6 Hun, 546; Hawkins v. Hawkins, 6 Hill, 586, 41 Am. Dec. 767; Pardee v. Drew,

25 Wend. 459. The carrier cannot be held liable for the loss of merchandise carried in the trunk of a shipper of which the carrier had no knowledge. Gurney v. Grand Trunk R. Co., 14 N. Y. Supp. 321;[1] Id., 138 N. Y. 638, 34 N. E. 512; Cattaraugus C. Co. v. Buffalo, R. & P. R. Co., 24 App. Div. 267, 48 N. Y. Supp. 451.

I think it must be held as a matter of law that the contract in suit was entered into at the time of the exchange of checks upon the railroad train. This is a fair inference from many of the plaintiff's arguments; but plaintiff does not leave it to inference that this is his view of the contract, for, on the seventeenth page of his brief, he expressly states that the contract was complete at that time, and the knowledge which some other employé at some other place may have had of the contents of that trunk can have but little bearing on the contract thus made. The argument that the carrier cannot be deprived of his just compensation by the implied misrepresentation that he has not been paid it seems to me is without force, as the plaintiff had received a memorandum of the amount of the charge. In the absence of fraud the defendant could charge no more. Baldwin v. Liverpool & G. W. S. Co., 74 N. Y. 125, 30 Am. Rep. 277.

Did not the amount of the charge when this piece of baggage came to Long, the defendant's agent, who it is claimed had knowledge of the contents of plaintiff's trunk, put him off his guard and warrant him in assuming that the trunk contained only ordinary baggage, and that the agent upon the train had been so assured, hence the charge? Was he to hold the trunk until plaintiff could be communicated with and the contents ascertained and a new bargain made? I think not. I think he had the right to assume that the bargain had been fairly made upon the train, that plaintiff had disclosed the contents of the trunk, and that the charge of 40 cents indicated the ordinary contents and the ordinary care required.

If, however, it is conceded that defendant is charged as to this contract with the knowledge of the agent Long, who did not make the contract, but attended to shipping the trunk, there is a very grave question as to whether such knowledge was sufficient to absolve the plaintiff from the charge of fraud or imposition. "The mere appearance of the trunk or case offered to be checked as one ordinarily in use for carrying merchandise or samples will not itself charge the carrier with knowledge that it does contain merchandise rather than personal baggage." 6 Cyc. 669.

The carrier may, however, be charged without actual knowledge of the contents of the trunk; but the circumstances must be such as to indicate that the contents of the trunk are merchandise. Trimble v. N. Y. C. & H. R. R. R. Co., 162 N. Y. 84, 56 N. E. 532, 48 L. R. A. 115. If knowledge of the contents of the trunk was an element to be considered, then it rendered the question of fraud or imposition a question of fact, and required its submission to the jury. This necessitates setting aside the verdict, unless plaintiff is right in his contention that the defendant is liable in any event for the absolute

---

[1] Reported in full in the New York Supplement; reported as a memorandum decision without opinion in 59 Hun, 625.

misfeasance of his servants. This is undoubtedly true in some forms of action; but, as I understand the plaintiff's complaint, he alleges a cause of action upon contract. If the cause of action as set forth is doubtful or ambiguous, every intendment is in favor of construing it as being in the nature of an action ex contractu. Bowen v. True, 53 N. Y. 640; Elwood v. Gardner, 45 N. Y. 349; Goodwin v. Griffis, 88 N. Y. 629–638, 639; Lange v. Schile, 111 App. Div. 613, 615, 98 N. Y. Supp. 81; Price v. Parker, 44 Misc. Rep. 582, 90 N. Y. Supp. 98; Rothschild v. Grand T. R. Co., 19 Civ. Proc. R. 53, 10 N. Y. Supp. 36.

Of course, the action might have been for conversion. McCormick v. P. R. R. Co., 80 N. Y. 363. Upon a complaint or contract, plaintiff cannot recover by proof the cause of action ex delicto. The recovery must be "secundum allegata et probata." Neudecker v. Kohlberg, 81 N. Y. 296; Butler v. Livermore, 52 Barb. 570, 578; Woolsey v. Trustees of Ellenville, 69 Hun, 489, 23 N. Y. Supp. 410; Salters v. Genin, 7 Abb. Prac. 193; Southwick v. First National Bank, 84 N. Y. 420.

The plaintiff does not seek to recover anything for the very small amount of wearing apparel he had in the trunk. If I am correct that when the check was delivered to defendant it had the right to assume that the trunk contained nothing but ordinary baggage, then so far as the jewelry in the trunk was concerned there was no contract as to it, and the defendant had no knowledge that it was in its possession. This being so, I am of the opinion that plaintiff had no cause for action. Gurney v. Grand Trunk R. Co., supra.

Verdict set aside, and new trial ordered.