## NATHAN v. WOOLVERTON.

(Supreme Court, Appellate Division, Second Department. March 8, 1912.)

1. LIMITATION OF ACTIONS (§ 127*)—CONVERSION.
   Where jewelry was lost from a trunk delivered to a transfer company for carriage prior to November, 1905, an action for conversion, set up for the first time in an amended complaint, not filed until December, 1911, was barred by the statute of limitations.
   [Ed. Note.—For other cases, see Limitation of Actions, Cent. Dig. §§ 543–547; Dec. Dig. § 127.*]

2. CARRIERS (§ 110*)—BAGGAGE—TRANSFER COMPANY—ACTION FOR LOSS.
   Where plaintiff willfully or negligently misled a transfer company to accept, as his baggage, a trunk, containing valuable merchandise in the form of jewelry, etc., and knowingly made compensation therefor at a rate reasonable for the carriage of usual personal baggage, he cannot recover therefor in an action for breach of contract of carriage.
   [Ed. Note.—For other cases, see Carriers, Cent. Dig. §§ 497–500, 503, 504; Dec. Dig. § 110.*]

3. BAILMENT (§ 31*)—NONDELIVERY OF BAGGAGE—BURDEN OF PROOF.
   Plaintiff showing bailment of a trunk for hire and nondelivery on demand, defendant has the burden of showing loss under conditions consistent with due care.
   [Ed. Note.—For other cases, see Bailment, Cent. Dig. §§ 124–131; Dec. Dig. § 31.*]

4. PLEADING (§ 245*)—TIME FOR AMENDMENT.
   Where plaintiff has failed in his action for the loss of property from a trunk delivered to a transfer company, and his action for conversion has been barred by the statute of limitation, his motion to amend, based on a contract to carry safely, made more than six years after his first action and when the issues involved would require the investigation of

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

facts and circumstances six years past and the procurement of witnesses possibly unobtainable, the motion will be denied.

[Ed. Note.—For other cases, see Pleading, Cent. Dig. §§ 635, 653–675; Dec. Dig. § 245.*]

Jenks, P. J., and Woodward, J., dissenting.

Appeal from Special Term, Kings County.

Action by Siegmund Nathan against William H. Woolverton, as President of the New York Transfer Company. From an order of Special Term allowing amendment to complaint, defendant appeals. Order reversed, and motion denied.

See, also, 143 App. Div. 941, 127 N. Y. Supp. 1133, 131 N. Y. Supp. 1130.

The following is the order of Kapper, J., at the Special Term:

This action having been brought on for trial before the court and a jury, and a verdict having been rendered for the plaintiff, and thereafter and on the 17th day of October, 1910, an order having been made and entered herein setting aside the said verdict and ordering a new trial, and plaintiff having appealed to the Appellate Division of the Supreme Court, Second Department, from the said order, and the said appeal having been duly brought on for hearing, and on the 17th day of November, 1911, an order having been made and entered herein by the said Appellate Division unanimously affirming the said order, and plaintiff·having now made a motion for an order granting leave to serve an amended complaint, a copy of which having been annexed to and served with the papers upon said motion and upon reading and filing the affidavit of Robert L. Turk, verified the 20th day of November, 1911, and the said proposed amended complaint and together with the pleadings and the opinion of Mr. Justice Jaycox which was handed down, wherein the said verdict was set aside and a new trial ordered, in support of the motion, and the affidavit of Robert L. Redfield, verified on the 25th day of November, 1911, in opposition thereto, and the replying affidavit of Robert L. Turk, verified on the 29th day of November, 1911, in further support of the said motion, and after hearing Robert L. Turk, of counsel for plaintiff, for the motion, and Robert L. Redfield, Esq., of counsel for defendant, in opposition thereto: Now, on motion of Robert L. Turk, attorney for the plaintiff herein, it is ordered, that plaintiff have leave to serve the proposed amended complaint annexed to the motion papers in this action, on payment of full costs of the action to the date of the said amendment, and that defendant have 20 days to plead to the said amended complaint after service of a copy of this order, the said amended complaint, and the payment of said costs. And it is further ordered that, after the joinder of issue herein, either party may upon five days notice restore the action to the trial calendar for trial.

Argued before JENKS, P. J., and BURR, THOMAS, CARR, and WOODWARD, JJ.

Robert L. Redfield, for appellant.
Robert L. Turk, for respondent.

THOMAS, J. The appeal is from an order allowing amendment to the complaint. The complaint in this action, begun on November 3, 1905, alleges that for a reasonable compensation defendant received and agreed to carry plaintiff's trunk between two points in the city of New York, and that the trunk was broken open and a quantity of jewelry and valuable stones taken therefrom. The answer, after some denials, stated separate defenses, and thereby the issue was raised that

---

the defendant, having as a special carrier contracted to carry the personal baggage of the passenger from a railroad train, received a trunk containing merchandise and jewelry, the nature and value of which were concealed from the carrier, whereby it was committed to the carriage of articles for the ordinary compensation of carrying baggage. A verdict was had by the plaintiff, whereupon a new trial was granted by Mr. Justice Jaycox with an opinion whereon the order was affirmed by this court. The essential thing decided is stated by the learned trial justice as follows:

"So far as the jewelry in the trunk was concerned, there was no contract as to it, and defendant had no knowledge that it was in its possession. This being so, I am of the opinion that plaintiff has no cause of action."

The trial court refused to charge the jury that a verdict could be predicated upon the larceny of the contents of the trunk by defendant's servants on the ground that the action was not for a conversion. The trial was had in May, 1910; the order setting aside the verdict was entered on October 17, 1910; notice of appeal was filed October 20th; the decision of this court was rendered on November 17, 1911; and a motion to amend the complaint was made on or about November 21, 1911.

[1] The amended complaint, allowed on payment of full costs, seems to state a cause of action based on an agreement to carry safely, and another for conversion of the trunk and its contents by the defendant, his agents and servants. The amended order was entered December 5, 1911, at which time the cause of action for conversion was barred by the statute of limitations. The defendant-appellant appeals from this order chiefly upon the ground that the plaintiff was enabled thereby to set up a new and distinct cause of action, after decision against him on the underlying contract for carriage, and after such laches that the statute of limitations had run against the new cause of action.

[2] The plaintiff misled willfully or negligently the defendant to accept as his baggage a trunk containing valuable merchandise in the form of jewelry, etc.; and knowingly made compensation therefor at a rate reasonable for the carriage of usual personal baggage. In view of this, and the ruling respecting it, the action was not maintainable. Hence the plaintiff would interpolate a cause of action for conversion, and it is not amiss to notice that there is no statement in his moving papers of facts that tend to justify his delayed accusation. He has or has not the evidence of it. If he has it, he should have stated the facts. But his attorney alone makes the affidavit, and he is silent on that subject. What then is his project for proving the conversion? is it not to show the demand and nondelivery?

[3] Thereby he proves a bailment for hire and nondelivery on demand. This would throw on defendant the burden of showing loss under conditions consistent with due care. Claflin v. Meyer, 75 N. Y. 260, 31 Am. Rep. 467. In substance, what he has unsuccessfully attempted under a plea of contract he would attempt under a plea of conversion. But the essential consideration is that it has been established that his misconduct vitiated his alleged contract. But it was by

this same misconduct that he induced the defendant to receive his baggage, misleading him to inadequate handling, guarding, and policing merchandise of such value. Considering himself hopelessly defeated in maintaining the integrity of his contract, and having waited until his cause of action for tort was barred by the statute of limitations, he now seeks to use this action for enforcing a barred cause of action. The contract and bailment arise from the same facts, and the plaintiff's misconduct induced both.

[4] It is not necessary to determine whether it is within the power of the court to allow the amendment, inasmuch as the impropriety of the allowing of it is evident by reason of the plaintiff's initial breach of duty. Moreover, while plaintiff has been exploiting one cause of action that revealed his misconduct, the statute of limitations has barred an action for conversion, which he would give life by tacking it to an action on contract. Thus are raised issues that require the examination of facts and circumstances now more than six years away in time, and the procurement of witnesses perchance scattered or unobtainable, and the embarrassment to defendant is caused by the plaintiff's electing his form of action and pursuing it.

The order should be reversed, with $10 costs and disbursements, and the motion denied, with $10 costs.

BURR and CARR, JJ., concur. JENKS, P. J., and WOODWARD, J., vote to affirm on the opinion of Mr. Justice Kapper at Special Term.