## J. H. Doherty, Defendant in Error, v. Grand Trunk Western Railway Company, Plaintiff in Error.

## Gen. No. 20,106.   (Not to be reported in full.)

Error to the Municipal Court of Chicago; the Hon. HARRY M. FISHER, Judge, presiding. Heard in the Branch Appellate Court at the March term, 1914. Reversed and remanded. Opinion filed June 17, 1915.

## Statement of the Case.

Action by J. H. Doherty against the Grand Trunk Western Railway Company for the value of a suit case and its contents which had been checked as baggage. From a judgment for plaintiff, defendant appeals.

There was but one witness, the plaintiff himself. He testified that he was a traveling man for the Canfield Manufacturing Company; that it was his duty to place goods on consignment and go around and collect afterwards; that in connection with such duties he carried with him watches, diamonds, etc., which were given away by him as premiums on the collections; that on October 18, 1912, while at Belding, Michigan, on busi-

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

ness, he purchased a ticket of the Pere Marquette Railroad for Saranac, Michigan; that the Pere Marquette Railroad runs on to Ionia, where connection is made with the Grand Trunk for Saranac; that the ticket, however, was for a continuous passage; that on said ticket, he checked his suit case to Saranac, and paid the baggage man of the Pere Marquette Railroad ten cents to cover transfer at Ionia from the Pere Marquette to the Grand Trunk railway. Plaintiff testified that he saw his suit case at Ionia on one of the trucks of the Grand Trunk, at the time he changed cars there; that when he arrived at Saranac, he went up town to attend to his business, and on the same evening left Saranac, forgetting his suit case. He left Saranac that same evening for Lowell. The next day, while at Lowell, he said he wrote to the baggage master at Saranac with reference to his suit case. He further testified that the value of the suit case and contents was $107.25. Among the items making up the total, were eight watches valued at $4 each, one diamond ring valued at $4.50, and one diamond stud valued at $4.50, which plaintiff further testified were the property of the Canfield Manufacturing Company, and were carried by him for the purpose of distribution as premiums upon collections made by him.

KRETZINGER & KRETZINGER and L. L. SMITH for plaintiff in error.

MORRIS SCHAEFFER and MORRIS K. LEVINSON, for defendant in error.

Mr. JUSTICE PAM delivered the opinion of the court.

## Abstract of the Decision.

1. CARRIERS, § 555*—*when evidence shows delivery and acceptance of baggage.* Evidence in an action by a passenger against a

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

connecting railroad to recover damages for the loss of baggage while in the hands of such connecting railroad, the passenger having bought a ticket from one railroad over its lines to a point on another railroad, and having checked his baggage through to his destination at the initial point, *held* sufficient to establish a delivery to the first railroad and an acceptance thereof by the second railroad.

2. Carriers, § 555*—*what is relation of initial carrier to connecting carrier*. A railroad company which sells a ticket for continuous passage over its line to a point on a connecting line, and accepts baggage to be shipped to such ultimate destination, is the agent of the second railroad.

3. Carriers, § 545*—*what is liability for baggage*. A railroad company is the insurer of the baggage of a passenger so long as the relation of common carrier exists.

4. Carriers, § 552*—*when liability as insurer of baggage terminated*. The liability of a common carrier as an insurer of the baggage of a passenger exists until its arrival and discharge at its destination, and until the owner has had reasonable time and opportunity to claim and take it away.

5. Carriers, § 552*—*what is a reasonable time to claim baggage*. A passenger does not claim his baggage within a reasonable time after its arrival where he delays making an effort to secure it until twenty-four hours after its arrival.

6. Carriers, § 554*—*what is liability for loss of baggage not promptly called for*. A common carrier is liable only as a warehouseman where the owner of baggage delays claiming it for an unreasonable length of time, and its only duty is to hold the baggage until called for.

7. Trover and conversion, § 4*—*what essential to conversion*. In order to constitute a conversion, a demand must first be made for goods.

8. Carriers, § 559*—*right of commercial traveler to sue for loss of employer's baggage*. A commercial traveler, who is carrying as baggage, articles of merchandise belonging to his employer, and which he has in his possession for the purpose of delivery to customers of his employer, cannot recover for the loss of such articles in an action against a common carrier for the loss of baggage.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.