## Landesman Hirshheimer Company v. Louisville & Nashville Railroad Company.

### (Decided January 18, 1918.)

### Appeal from Jefferson Circuit Court (Commons Pleas Division No. 3).

Carriers—Action Against for Lost Baggage.—A traveling salesman, or his principal, who checks his trunk of samples as baggage, may have a recovery for the loss thereof, if it appear that the railroad company received and checked the trunk as baggage, at the time knowing the contents thereof; or, where, by universal custom, the railroad company carries drummers' samples as baggage.

O. H. HARRISON for appellant.

HELM & HELM for appellee.

OPINION OF THE COURT BY JUDGE SAMPSON—Reversing.

A drummer, carrying a trunk of samples, bought of the appellee, Louisville & Nashville Railroad Company, a ticket from Madisonville, Kentucky, to Hopkinsville, Kentucky, and caused his trunk of samples to be checked as baggage. On arrival at Hopkinsville he presented his check and requested the trunk of samples, and it was discovered that the railroad company had negligently delivered the trunk with its contents to some third person without a check. Thereupon the wholesale company for whom the drummer was the salesman, instituted this action against the railroad company, averring ownership of the samples of the value of $586.50, and the trunk of the value of $20.00, and that it was paying the expenses of its traveling salesman, and the same amounted to at least $50.00, and that it lost business on account of the railroad company's failure to deliver the trunk, from which it would have realized a profit of $500.

The railroad company denies its responsibility because, it asserts, that a passenger may only carry, as bag-

gage, such articles as he requires for his personal use and convenience, in the nature of wearing apparel and such other articles as may not unreasonably be designed for his pleasure, business or convenience on a journey which he is prosecuting, and that merchandise or drummers' samples can not be included

Upon motion, several paragraphs were stricken from plaintiff's petition and a demurrer sustained to the remainder thereof, with leave to amend. Amendment was filed and a demurrer again sustained, and plaintiff declining to plead further the action was dismissed.

The petition, as amended, omitting the formal parts showing the right of plaintiff to sue, the value of the trunk and contents, and the capacity of the defendant railroad company to sue and be sued, and prayer for relief, avers that it was a universal custom of the defendant railroad company, a common carrier, at the time of the checking of the trunk in question, to receive and check trunks containing merchandising samples upon exactly the same terms and conditions as the personal baggage of the traveling public, and that the trunk of the plaintiff, when delivered at the depot in Madisonville and offered to the depot agent to be checked, was in appearance one employed to carry drummer's samples and not personal baggage, and that the agent then knew that said trunk contained merchandise samples and not personal baggage at the time same was received and checked to be carried from Madisonville to Hopkinsville; that thereafter the defendant company, by its gross negligence and by and through the gross negligence of its depot agent, at Hopkinsville, delivered said trunk and its contents to some third person without demanding or receiving from said third person a check or receipt for the same, and that to so deliver a trunk bearing a check was gross negligence for which the company was responsible.

Baggage is defined to be the necessary appendages of a traveler; personal apparel, and such effects as a passenger requires for his personal use and convenience in the prosecution of a journey. As an incident to the passenger's contract for transportation the carrier transports a certain reasonable amount of baggage. It is a part of the contract as much as the transportation of the person. It is, however, sometimes incorrectly referred to as free baggage. In the case of Illinois Central R. R. Co. v. Matthews, 114 Ky. 979, this court held:

"If the carrier elects to receive and transport that as baggage which in fact is freight, and which it would have the right to refuse to take as baggage on its passenger trains, it ought to be liable therefor upon the same terms as if it were baggage. But this is not because of its common law liability therefor, but because it has agreed by special contract for a consideration to be so bound. The elements of such a contract are sufficiently satisfied by an acceptance of the package or trunk by the carrier for transportation as baggage, with knowledge of its contents. Hutchinson on Carriers, sec. 685 (1st edition); Texas, etc., R. R. Co. v. Capps, 2 Wilson, Civ. Cas. Ct. App., sec. 33; Jacobs v. Tutt (C. C.), 33 Fed. 412; Central Trust Co. of New York v. Wabash, St. L. & P. Ry. Co. (C. C.), 39 Fed. 417; Humphreys v. Perry, 148 U. S. 627."

"If the carrier accepts as baggage articles or merchandise not properly having that character, with knowledge that they are offered for transportation as baggage, he thereby waives any objection on that ground, and his liability therefor is the same as that with reference to baggage in general. The carrier is under no obligation, however, to make inquiry as to the contents of trunks offered to be checked as baggage. And if merchandise is checked under the form of baggage or mingled with articles of baggage without the carrier's knowledge, he is not liable therefor, while actual knowledge is not necessary to charge the carrier with liability for merchandise checked as baggage, if the circumstances are such as to indicate the fact, yet the mere appearance of the trunk or case to be checked as one ordinarily in use for carrying merchandise or samples will not in itself charge the carrier with knowledge that it does contain merchandise rather than personal baggage." 6 Cyc. 668.

At common law the carrier is responsible, as an insurer only, for the personal baggage of the passenger and not for merchandise or such articles as properly constitute freight. It has even been held that where the trunk or receptacle contains other articles than personal baggage and the carrier is not informed of the fact, it is a deception upon the carrier as to such article, and as to such they are not covered by the carrier's contract. This rule, however, has been modified to some extent by custom. A very great part of the business between manufacturers and wholesalers on the one hand, and retail

merchants on the other, is carried on through the medium of traveling salesmen or drummers, carrying samples in trunks or cases. Where by general custom a railroad carries trunks containing merchandise samples as the personal baggage of drummers, it will be liable, as a common carrier, in the same manner and to the same extent as for personal baggage; or, if a railroad company receive trunks containing merchandise samples as the personal baggage of a drummer at the time knowing the contents of the trunks, it expressly contracts to transport the same and be responsible therefor in the same manner and to the same extent as if the same were personal baggage.

In this case, it is alleged that the railroad company received and accepted the trunk containing the samples with full knowledge of the contents of the trunk; and further that it was the universal custom of the defendant railroad company to so receive and carry drummer's samples. In either event, the railroad company would be responsible for the samples in the same manner and to the same extent as if they were properly personal baggage. The rule is different, however, where a deception is practiced or where the real nature of the contents of the trunk or case is withheld. Nor can it be said that the railroad must take notice of the nature and contents of a trunk merely from its outside appearance. The rule seems to be that where a trunk is presented as baggage it may be received by the railroad company upon the implied assurance that the same contains only personal baggage belonging to the passenger, and if it afterwards appear that the trunk or package contained merchandise or other articles not properly coming within the term baggage, the carrier will not be responsible even though the so-called baggage be wholly lost, and that through the ordinary negligence of the carrier. Some of the states by statutes have modified this common law rule, but it remains unchanged in this jurisdiction, except in some slight degree. Such an act was passed in 1914 by our General Assembly, but without an enacting clause, and was held invalid for that reason only.

The petition, as amended, stated a cause of action and the demurrer should have been overruled.

Judgment reversed for proceedings consistent herewith.