**S. NATHAN & CO., Inc., et al. v. RED CAB, Inc., et al.**

**No. 7415.**

Circuit Court of Appeals, Seventh Circuit.

March 10, 1941.

Rehearing Denied April 9, 1941.

Burke G. Slaymaker and Lawrence B. Moore, both of Indianapolis, Ind., for appellants.

John C. Ruckelshaus and John K. Ruckelshaus, both of Indianapolis, Ind., for appellees.

Before EVANS and MAJOR, Circuit Judges, and BRIGGLE, District Judge.

EVANS, Circuit Judge.

Plaintiffs seek to recover for jewelry and a trunk, lost while in defendants' custody for the purpose of transporting same from the railroad station to a hotel. The truck was robbed, the trunk removed, and its contents stolen. They were salesman's samples, valued at $14,267.96. Plaintiff, Nathan Co., was the owner of the jewelry, and plaintiff New Hampshire Co. joined to recover $9,000 of said value for which, under its insurance policy, it had reimbursed the Nathan Co. The trial court made special findings, and entered judgment for the defendants. Plaintiffs appealed.

*The Facts:* The Nathan Company's salesman, one Jack Teichlauf, arrived at the Union Station in Indianapolis, Indiana, at midnight, September 29, 1936. He gave the baggage check for his trunk to a representative of defendant, the Frank Bird Transfer Company, and told him that he wanted the trunk delivered to the Claypool Hotel, and paid a dollar for such service, receiving a passenger receipt therefor. The transfer truck was held up by bandits who broke into the trunk and carried away its contents.

The trial court's special findings of fact state that the salesman in no way advised the transfer company of the valuable contents of the trunk—that had he done so it would have taken added precautions including further insurance coverage, and would have made an additional charge for such transportation. The court also found that the trunk in no way disclosed, by its locks or construction, that it contained jewelry or merchandise of special value.

*The Issues.* Appellants stress the point that defendant was a common carrier; that as a common carrier it was an insurer against loss of property entrusted to it, regardless of the nature of the property (unless the carrier makes inquiry and is misinformed as to the contents of the trunk); that no fraud was practiced in failing to voluntarily inform the defendant of the valuable and unusual contents of the trunk.

Appellees concede they were common carriers, but urge that general carrier liability as insurer does not cover instances where the owner of precious cargo entrusts such merchandise to the carrier as ordinary "baggage" of a traveler; that failure to disclose such exceptional value was fraudulent and bars the action.

The question is a narrow one and may be stated thus: Is a carrier of a trunk containing valuable jewelry, uninformed of its contents, an insurer against loss thereof, where such loss is not due to its negligence? Or, stated differently, has the common law rule imposing an insurer's liability on a common carrier an exception applicable to a fact situation such as is here disclosed?

The authorities are not in accord as to the extent or application of the exception. The holdings of the Indiana courts are not directly in point.

Referring first to general authorities, the following table lists cases which limit liability to ordinary baggage.* The fol-

---

* Hawkins v. Hoffman, 6 Hill, N.Y., 586, 41 Am.Dec. 767; Toledo & O. C. R. Co. v. Bowler Co., 63 Ohio St. 274, 58 N.E. 813 (jewelry); Gurney v. Grand Trunk Co., 59 Hun 625, 14 N.Y.S. 321; Id., 138 N.Y. 638, 34 N.E. 512; Southern Kans. R. Co. v. Clark, 52 Kan. 398, 34 P. 1054; Michigan C. R. Co. v. Carrow, 73 Ill. 348, 24 Am.Rep. 248 (jewelry); Stimson v. Connecticut R. Co., 98 Mass. 83, 93 Am.Dec. 140; Alling v. Boston R. Co., 126 Mass. 121, 30 Am.Rep. 667 (jewelry); Rossier v. Wabash R. Co., 115 Mo.App. 515, 91 S.W. 1018; Weber Co. v. Chicago, Mil. R. Co., 113 Iowa 188, 84 N.W. 1042 (jewelry); Simpson v. N. Y. R. Co., 16 Misc. 613, 38 N.Y.S. 341; Gurney v. Grand Trunk, 59 Hun 625, 14

lowing table of cases recognizes a liability, and in each case there is a note showing whether the carrier had notice of the valuable and unusual contents of the trunk.**

The leading and controlling cases are: Humphreys v. Perry, 148 U.S. 627, 13 S. Ct. 711, 37 L.Ed. 587; Nathan v. Woolverton, 69 Misc. 425, 127 N.Y.S. 442, affirmed 149 App.Div. 791, 134 N.Y.S. 469.

In the case of Humphreys v. Perry, supra, the court passed upon a case from this circuit. There, a traveling salesman for a jewelry firm bought a passenger ticket for a passage on a railroad and presented a trunk to be checked to the place of his destination, without informing the agent of the company that the trunk contained jewelry. No inquiry by the company was made as to its contents. The traveler paid a charge for overweight and the trunk was checked. It was dark brown in color, iron bound and of the kind known as a jewelry trunk. It was the common practice for jewelry houses to send out agents with trunks filled with goods, the trunks being of similar character to the one in question, and as a rule they were checked as personal baggage. It was held that there was no evidence showing or tending to show that the agent of the railroad had any actual knowledge of the contents of the trunk, that there was no evidence from which it could be fairly said that the agent had reason to believe that the trunk contained jewelry. The agent was not required to inquire as to the contents of the trunk; the company was not liable for the loss of its contents.

To the same effect is the holding in Nathan v. Woolverton, supra.

American Jurisprudence, "Carriers," Sec. 296, contains the following statement of the law:

"It has quite generally been held that a common carrier of goods, wares, and merchandise is not a common carrier of money, unless he has held himself out as ready and willing to transport money for the public generally for hire. The reason for this rule has been stated to be that money does not come within the description of goods or merchandise as applied to carriers. The same rule has been applied in the case of *jewels* and other articles which are not regarded as subjects of ordinary commerce * * * ."

The foregoing authorities would determine the question were it not for the rule announced in Erie R. Co. v. Tompkins, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188, 114 A.L.R. 1487, which makes the 'law of Indiana controlling.

In Doyle v. Kiser, 6 Ind. 242, we have a case where there was a theft of a carpet bag containing $4,000 in gold. The carrier was a canal steamer. The owner of the bag was a passenger on the boat. The court held the carrier was not liable.

Another Indiana case is Staub v. Kendrick, 121 Ind. 226, 23 N.E. 79, 6 L.R.A. 619. This case involved a transfer company's liability for a valise which it carried for a salesman, from the railroad station to the hotel. The valise was lost. In it was a catalogue which was of peculiar value to the plaintiff. The court held the company was liable for its value. The crux of the decision was that such a catalogue, prepared by the salesman for his use, was, under all the circumstances, a part of his personal baggage.

---

N.Y.S. 321; Batson v. Donovan, 4 B. & Ald. 21; Jordan v. Fall River R., 5 Cush. 69, 51 Am.Dec. 44; Collins v. Boston & Me. R., 10 Cush., Mass., 506; Belfast v. Keys, 9 H.L.Cas. 556; Cahill v. London & N. W. Ry., 10 C.B.,N.S., 154; Haines v. Chicago Ry., 29 Minn. 160, 12 N.W. 447, 43 Am.Rep. 199; Doherty v. Grand Trunk R. Co., 194 Ill.App. 354; Landesman v. Hirschheimer Co., 178 Ky. 712, 199 S.W. 1050, L.R.A.1918C, 105; Pfister v. Central Pac. Co., 70 Cal. 169, 11 P. 686, 59 Am.Rep. 404; Metz v. Cal. So. Ry., 85 Cal. 329, 24 P. 610, 9 L.R.A. 431, 20 Am.St.Rep. 228.

** Texas Co. v. Capps, 16 Am. & Eng. R. Cas. 118 (railroad had notice); Saleeby v. Central R. Co., 99 App.Div. 163, 90 N.Y.S. 1042 (had notice); Ft. Worth Co. v. Rosenthal Co., Tex.Civ.App., 29 S.W. 196; Amory v. Wabash R. Co., 130 Mich. 404, 90 N.W. 22 (had notice); Trimble v. N. Y. C. R. Co., 162 N.Y. 84, 56 N.E. 532, 48 L.R.A. 115 (had notice); New Orleans R. Co. v. Shackelford, 87 Miss. 610, 40 So. 427, 4 L.R.A.,N.S., 1035, 112 Am.St.Rep. 461, 6 Ann.Cas. 826 (had notice); Jacobs v. Tutt, C.C., 33 F. 412 (had notice); Fleischman, Morris & Co. v. So. R. Co., 76 S.C. 237, 56 S.E. 974, 9 L.R.A.,N.S., 519; St. Louis R. Co. v. Lilly, 1 Ala.App. 320, 55 So. 937; McKibbin v. Wisconsin R. Co., 100 Minn. 270, 110 N.W. 964, 8 L.R.A.,N.S., 489, 117 Am.St.Rep. 689 (had notice).

The case of Toledo, Wabash & Western Ry. Co. v. Hammond, 33 Ind. 379, 5 Am. Rep. 221, involved the loss of a trunk which was shipped by railroad. The trunk was stolen. The court permitted recovery, *inter alia*, for a pair of opera glasses. The language of this decision would seem to exclude a recovery in this case. The court said:

"It is true, that it is well settled, that merchandise which one carries in a trunk without the knowledge of the carrier is not protected as baggage, and if lost without the express fault of the carrier, he is not liable. * * * But baggage is defined to be 'such articles of apparel, ornament * * * as are in daily use by travelers, for convenience, comfort, or recreation.'"

Our conclusion is that under the facts disclosed there was no liability as insurer, and that in the absence of notice, either actual or constructive, that the trunk contained valuable and unusual articles, a carrier in Indiana is not liable as an insurer to the shipper.

The judgment is affirmed.