**J & H FLYER INC., Plaintiff-Appellant,**

v.

**PENNSYLVANIA RAILROAD COMPA-NY, Defendant-Appellee.**

**No. 246, Docket 27842.**

United States Court of Appeals
Second Circuit.

Argued March 6, 1963.

Decided April 19, 1963.

Max J. Gwertzman, New York City, for plaintiff-appellant.

David J. Mountan, Jr., of Conboy, Hewitt, O'Brien & Boardman, New York City, for defendant-appellee.

Before CLARK and WATERMAN, Circuit Judges, and ANDERSON, District Judge.

CLARK, Circuit Judge.

On October 24, 1958, one Rothenberg, a salesman for plaintiff-appellant, a jewelry company, delivered two bags to a redcap porter at the Pennsylvania Railroad Company's Euclid Avenue station in Cleveland, Ohio. One of the bags contained jewelry worth around $50,000 which plaintiff had entrusted to its salesman. The redcap, who was not notified of the valuable contents, placed both bags on a two-tiered baggage truck which he had with him on the sidewalk outside the station. Rothenberg told the redcap to remain there while he purchased his train ticket within the station, then to accompany him with the bags upstairs to the train level. While Rothenberg was purchasing his tickets the redcap momentarily left the baggage truck to escort another passenger inside. When Rothenberg returned to the baggage truck the jewelry bag was missing. Subsequently a small portion of the missing jewelry was recovered, together with the stolen bag. The value of the lost jewelry amounted to $46,195.12, for which plaintiff sues.

Use of a redcap's services in furtherance of an interstate journey is a carrier-passenger relationship within the domain of federal law. See New York, N. H. & H. R. Co. v. Nothnagle, 346 U.S. 128, 73 S.Ct. 986, 97 L.Ed. 1500. Consequently any attempt by the carrier to limit liability must comport with the terms of the Carmack Amendment as amended by the Cummins Amendments, 49 U.S.C. § 20(11). District Judge Murphy found that the Pennsylvania Railroad had not satisfactorily complied with the statute, as construed in New York, N. H. & H. R. Co. v. Nothnagle, supra, to bring home to the prospective passenger notice of a limitation of liability for hand baggage, so that, if

defendant were liable, it would be for the full amount. But he dismissed the complaint on the ground that, if it were negligent for the porter to leave his hand truck unattended for a brief interval, it was equally negligent for Rothenberg, in disregard of his employer's instructions and his practice, to let the bags out of his sight. Alternatively, the lower court held that there could be no bailment of the undisclosed jewelry. See St. Paul Fire & Marine Ins. Co. v. Chicago Union Station Co., 7 Cir., 253 F.2d 441, cert. denied 358 U.S. 830, 79 S.Ct. 49, 3 L.Ed.2d 68. We agree with the district court.

▆ Plaintiff urges, however, that defendant was liable to it as an insurer, since it is a common carrier. This issue may not be resolved by referring only to the wording of 49 U.S.C. § 20(11), for it was not the intent of that statute to confer new substantive rights on shippers. Instead, the Congressional purpose was to confer new remedial rights (such as recovery against the initial carrier for damage or loss caused by connecting carriers) and, especially in the case of the Cummins Amendments, to guarantee the shipper recovery for full value or on the basis of full value when property is lost or damaged in the course of transportation "under such circumstances as to make the carrier liable." See Sen. Rep. No. 394, 64th Cong., 1st Sess. 2 (report on 1916 Cummins Amendment). Thus, whatever substantive or primary rights may flow from the statute, they are not new, but are determined by reference to common law doctrines.

▆ At common law a carrier is liable as an insurer for loss to those goods which it holds itself out to handle. See S. Nathan & Co. v. Red Cab, Inc., 7 Cir., 118 F.2d 864, 866, cert. denied 314 U.S. 642, 62 S.Ct. 82, 86 L.Ed. 515. Transportation companies serving passengers are liable as insurers for the passengers' baggage, but only as bailees for property of a passenger which is not "baggage" and whose contents have not been disclosed. See Wiener v. Com-

pagnie Generale Transatlantique, 2 Cir., 61 F.2d 893, 896. There is extensive case law and dispute as to what constitutes "baggage." Clearly, however, merchandise for sale, such as a jewelry salesman's sample case, is not included. Humphreys v. Perry, 148 U.S. 627, 13 S.Ct. 711, 37 L.Ed. 587. The rule thus stated should of course extend to redcaps, whose services are obviously those of assisting passengers with their baggage, and not of independent transportation. Plaintiff's argument that defendant was liable as an insurer must therefore fail.

Affirmed.